*BRIAN G. DAVIS, WSBA NO. 43521*
*GEORGE FEARING, WSBA NO. 12970*
Leavy, Schultz, Davis & Fearing, P.S.
2415 W. Falls Avenue
Kennewick, WA 99336
Telephone: (509) 736.1330
bdavis@tricitylaw.com
gfearing@tricitylaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD LOID and GINGER LOID, a marital community. | No. CV-12-5144-EFS |
| Plaintiff, | |
| vs. | **MEMORANDUM IN SUPPORT OF MOTION TO REMAND** |
| COMPUTER SCIENCES CORPORATION, a Nevada Corporation, HEIDI JARRETT and JUSTINE JARRETT | |
| Defendants. | |

## INTRODUCTION

Plaintiffs, Richard and Ginger Loid, by and through their attorney of

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REMAND

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

1

record, LEAVY, SCHULTZ, DAVIS & FEARING P.S., respectfully move this court to remand this case to the Superior Court of Benton County, Washington.

## STATEMENT OF RELEVANT FACTS

Richard and Ginger Loid filed this lawsuit against Computer Science Corporation, Heidi Jarrett and Justine Jarrett ("Defendants") in Benton County Superior Court Cause No. 12-2-02353-8. On November 2nd Defendants removed the matter to the United States District Court, Eastern District of Washington (ECF No. 1) asserting that the non-diverse Defendants, Heidi and Justine Jarrett were fraudulently joined for purposes of destroying federal jurisdiction. Subsequently, Defendants filed their answer and affirmative defenses on November 8, 2012 (ECF No. 2). The defendants then filed a FRCP 12(b)(6) motion to dismiss Defendants, Heidi and Justine Jarrett on November 9, 2012. Plaintiffs then brought a motion to add claims regarding Heidi and Justine Jarrett that were discovered after conducting further research. (ECF No. 16).

PLAINTIFFS' MEMORANDUM IN
SUPPORT OF MOTION TO REMAND

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

2

The facts discovered support the new claims asserted in the amended complaint. (ECF No. 16 Ex. A) Justine Jarrett, an assistant of the Plaintiff, Richard Loid, used romantic poems he wrote that were intended for his wife as proof to support her false accusation of sexual harassment. Specifically, she provided these poems with the false communications to the HR Director, which happened to be her mother, Heidi Jarrett. Facts were also discovered that the investigation into Richard Loid's behavior came immediately after he expressed concern with Justine Jarrett's work performance and how he sought to eliminate her position all together. The ensuing investigation resulted in his outright dismissal. HR Director, Heidi Jarrett, participated in the investigation surrounding the allegations of sexual harassment and communicated the false facts to others. (ECF Nos. 16 Ex. A;17-1). Both Defendants made false statements regarding the plaintiff to third parties and did so with malice; with intent to have Loid terminated to save Justine's position. (ECF No. 16 Ex. A ¶ XIII).

## ARGUMENT

PLAINTIFFS' MEMORANDUM IN
SUPPORT OF MOTION TO REMAND

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

3

1. **Removal is not proper because this Court lacks subject matter jurisdiction as defendants Heidi and Justine Jarrett have not been "fraudulently joined."**

The burden for establishing fraudulent nature of the joined defendants rests on the party asserting fraudulent joinder. *California Dump Truck Owners Ass'n v. Cummins Engine Co., Inc.* 2001 WL 1563913 (9th Cir. Jan. 1, 2007) (*citing Kohler v. Inter-Tel Technologies*, 244 F.3d 1167, 1170 n. 3 (9th Cir. 2001)). Any doubt as to the right of removal is resolved in favor of remand. *Guas v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If "there is any possibility that a claim can be stated against the allegedly 'sham' defendant," then remand is required. *Knutson v. Allis-Chalmers Corp.*, 358 F.Supp.2d 983, 995 (D. Nev. 2005) (*citing Ritchey v. Upjohn Drug Co.* 139 F.3d 1313; *McCabe v. General Foods Corp.*, 811 F.3d 1336 (9th Cir 1987)). "[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. *Morrow v. Wells Fargo Bank, et al.* 2012 WL 5471133 at *6 (N.D. Cal. November 9, 2012) "Remand must be granted

PLAINTIFFS' MEMORANDUM IN
SUPPORT OF MOTION TO REMAND

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

4

unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.* 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009). (citation omitted). Therefore, the test for fraudulent joinder is whether there is any possibility that the plaintiff can establish any cause of action against non-diverse defendants. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553 (11th Cir. 1989). *See also, California Dump Truck Owners Ass'n v. Cummins Engine Co. Inc.* 2001 WL 1563913 (9th Cir. Jan. 1, 2001).

In deciding whether an instate defendant has been improperly joined a court may, in its discretion, pierce the pleadings and conduct a summary inquiry, if it feels that the plaintiff, while stating a claim against the instate defendant, has nevertheless misstated or omitted discrete facts that would determine the propriety of the joinder. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Knutson v. Allis-Chalmers Corp.*, 358 F.Supp.2d 983, 995 (D. Nev. 2005) As an example, in *Cohn v. Petsmart, Inc.* the court considered "later-filed affidavits" in determining jurisdiction. *Cohn*,

PLAINTIFFS' MEMORANDUM IN
SUPPORT OF MOTION TO REMAND

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

5

281 F.3d 837, 840 Fn. 1 (9th Cir. 2002) (citing *Willingham v. Morgan* 395 U.S. 402, 407 n. 3 (1969)("it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits").

In this case, defendants claim that the facts asserted in the Plaintiffs' original complaint are insufficient to maintain a claim against Defendants Heidi and Justine Jarrett. (ECF No. 1 ¶¶ V, VI.) Defendants have moved to dismiss the non-diverse Defendants, which is pending before the court. (ECF No. 5) After further research of information provided to Plaintiff's counsel, Plaintiffs moved to amend their complaint to assert new claims against the non-diverse defendants of outrage and defamation which is also pending before the court. (ECF No. 16). In Plaintiffs' supporting memorandum and declaration, the facts indicate that is more probable than not that the plaintiff should "be afforded leave to amend his complaint to cure the purported deficiency." *Padilla* at 1159.

PLAINTIFFS' MEMORANDUM IN
SUPPORT OF MOTION TO REMAND

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

6

The elements of defamation include (1) a false and defamatory communication; (2) lack of privilege; (3) fault; and (4) damages. *Duc Tan v. Le*, 161 Wash. App. 340, 254 P.3d 904 (Div. II 2011). The facts in the "later-filed" pleadings, for which this court may consider, allege new facts supporting the additional claim. It is alleged that Justine Jarrett made false and defamatory communications by indicating to others that Richard Loid had given her poems that were romantic in nature when in fact, the poems were intended for Loid's wife. (ECF No. 16 Ex. A ¶ XII) This was done during an investigation for sexual harassment by Justine's mother, HR Director, Heidi Jarrett, initiated immediately after Loid suggested eliminating Justine's position. (ECF No. 16 Ex. A ¶¶ X, XII, XIII) It is also alleged the false and defamatory communications were republished by Heidi Jarrett. While a privilege may exist regarding the communications, any privilege asserted is likely lost as it was abused due to the Jarretts' knowledge of the falsity of their statements and reckless disregard as to the falsity of the statements. Stated otherwise, they acted with actual malice as alleged in the pleadings (ECF

PLAINTIFFS' MEMORANDUM IN
SUPPORT OF MOTION TO REMAND

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

No.16 Ex. A ¶ XIII). A "showing of actual malice will defeat a conditional or qualified privilege." *Herron v. Tribune Pub. Co. Inc.*, 108 Wash.2d 162, 183, 736 P.2d 249 (1987).  Finally, as a result of the sexual harassment investigation spurred by the Jarretts plan to save Justine's position, Mr. Loid was terminated and has suffered damages as alleged in the pleadings. (ECF No. 16 Ex. A ¶¶ XVI, XVII).

To recover for the tort of outrage, the plaintiff must prove (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress. *Corey v. Pierce County*, 154 Wash.App. 752, 225 P.3d 367 (Div I 2010).  The facts, as alleged, indicate that it is more probable than not that the Plaintiff will be permitted to amend their complaint due actions of the Jarretts.  In *Corey*, a prosecuting attorney was terminated from employment.   She was subsequently investigated for mishandling of public funds despite the fact that it was known that there was no wrongdoing in this regard.  The court permitted the outrage claim to go to the jury and instructed the jury that the

PLAINTIFFS' MEMORANDUM IN
SUPPORT OF MOTION TO REMAND

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

outrage claim "can be considered for all . . . actions by the Defendants." *Id.* at

763. Ultimately, the trial courts order denying the judgment as a matter of law

on the outrage claim and permitting it to go to the jury was upheld. Similar to

this case, there are sufficient facts alleged that Richard Loid was investigated

for sexual harassment which were supported by untrue statements and proof

provided by the Jarretts in an attempt to save Justine's position (ECF No. 16

Ex. A ¶ XII, XIII, XVI). This amounts to extreme and outrageous conduct that

resulted in severe emotional distress.

In looking at the later filed pleadings, and considering the likelihood of

amending the complaint, Defendants, Justine Jarrett and Heidi Jarrett have not

been fraudulently joined for purposes of defeating federal jurisdiction.

Remand must be granted because it is likely that the Plaintiffs will be afforded

leave to amend their complaint to cure the purported deficiency.

\\

\\

PLAINTIFFS' MEMORANDUM IN
SUPPORT OF MOTION TO REMAND

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

9

## CONCLUSION

This Court should remand the case to Benton County Superior Court, state of Washington due to lack of subject matter jurisdiction.

Respectfully submitted this 2nd day of December, 2012.


LEAVY, SCHULTZ, DAVIS & FEARING, P.S.


By: s\ Brian Davis
*BRIAN G. DAVIS, WSBA NO. 43521*
*GEORGE FEARING, WSBA NO. 12970*
Leavy, Schultz, Davis & Fearing, P.S.
2415 W. Falls Avenue
Kennewick, WA 99336
Telephone: (509) 736.1330
bdavis@tricitylaw.com
gfearing@tricitylaw.com

Attorneys for Plaintiffs

PLAINTIFFS' MEMORANDUM IN
SUPPORT OF MOTION TO REMAND

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

10

Westlaw.

24 Fed.Appx. 727, 2001 WL 1563913 (C.A.9 (Cal.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 24 Fed.Appx. 727, 2001 WL 1563913 (C.A.9 (Cal.)))

C

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Ninth Circuit Rule 36-3. (Find CTA9 Rule 36-3)

United States Court of Appeals,
Ninth Circuit.
CALIFORNIA DUMP TRUCK OWNERS ASSO-
CIATION; Roadway Construction, Inc.; Mike
Campbell & Associates, Inc.; Derby Express, Inc.;
Ford Ranches; Hartung Glass; Joy Engineering;
Kaiser Transport, Inc.; Kbtt, Inc.; Koukhis Equip-
ment Co; K & G Services, Inc.; Mendocino Coast
Produce; Paradise Garden Center, Inc.; Plaza Shell,
Inc.; Transportation Resources; Two Rivers De-
molition Inc.; Outlaw Trucking/Boot Straps Inc.;
Eriberto Anguiano, dba Anguiano's Trucking; Tom
Beck, dba T & B; Angus and Crystal Binns, dba
A.C. Binns Transportation; Richard M. Brasic, dba
B.M.R. Studio Rentals; Bruce Cooper; Kelly Craw-
ford, dba Kelly's Towing; Robert J. Crosby, dba
R.J.C. Trucking; Steve L. Dack, dba Dack & Dack
Trucking; George Delgado; Dena Elam, dba Elan
Trucking; Manuel Flamenco, dba Flamingo Trans-
portation; Wayne Frederick, Jr., dba Trans Labor
Services; Larry Freise, dba Larry's Transport; Les
Frischman, dba Les Frischman Trucking; Michael
Hardic, dba M.H. Delivery Services; Chon Hernan-
dez, dba Hernandez & Sons Trucking; John Jack-
son, dba John Jackson Trucking; Michael Jeralds,
dba Mike Jeralds' Trucking; Dennis W. Knowles,
dba D & N Trucking; Eldon Loeser, dba Saenz En-
terprises; Rene N. Lucero, dba Lucero Trucking;
Malton Mallow, dba Mallow Express Line; Rene
Martinez, dba Dart International, William F.
McBride, dba Bill McBride Trucking Jay E. Mc-
Donald, dba M.K.M. Trucking; Jim McMahon, dba
J.I.M. Trucking; Art Mellow, dba J & G Trucking;
Jerry Metheany, dba W & P Trucking; Lee Milby,
dba Oak Valley Trucking; Ramon Munoz, dba
RMT; Allen B. Nash, dba Al Cal Int'l.; Seb
Pehlivanian, dba S & R Trucking; Lawrence Thor-
ton Rogers, dba L & S Trucking; Amrik S. Saini,
dba A & J Trucking; Francisco Salinas, dba F & F
Salinas Trucking; John Sanders, dba John Sanders
Transfer Service; Charlie Sherer, dba Sherer Bros.;
Sarjinder Singh, dba Ghali Trucking; James Spray-
berry, dba First Choice Studio Transportation; Den-
nis Sutton, dba Sutton Trucking, John Taylor, dba
John Taylor Trucking; Les Teeters, dba Les Teeters
Trucking; Bruno Vargas; David Vasquez, dba D &
D Trucking; Karapet Vishabyan, dba Parvez & Sons
Towing; Robert Polito, dba Polo Trucking; Hiram
Ramirez, dba Security Tow; Reliable Carriers, Inc.;
Michael Reynolds, dba Reynolds Trucking; Reyn-
olds Nationwide Inc.; Raymond Sadd and Sharon
Sadd, dba Sadd Trucking; Ronald Smith, dba Ron
Smith Dump Truck Services; Tod Smith, dba Har-
borside Towing; Rouse Vinson, dba Vinson Truck-
ing; Sherman Weissker, Inc; West Coast Iron Inc,
Plaintiffs-Appellants,
v.
CUMMINS ENGINE COMPANY, INC.; Mack
Trucks, Inc.; Detroit Diesel Corporation; Caterpil-
lar, Inc.; International Truck and Engine Corpora-
tion; Volvo Trucks North America, Inc., Defend-
ants-Appellees.

No. 00-55283.
D.C. No. CV-99-11422-JSL.
Argued and Submitted Sept. 12, 2001.
Decided Dec. 5, 2001.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

24 Fed.Appx. 727, 2001 WL 1563913 (C.A.9 (Cal.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 24 Fed.Appx. 727, 2001 WL 1563913 (C.A.9 (Cal.)))

As Amended on Denial of Rehearing Feb. 12, 2002.

Trucking companies brought action in state court against engine manufacturers, and manufacturers removed, alleging fraudulent or egregious joinder of a trucking company. Trucking companies moved to remand and manufacturers moved for judgment on the pleadings. The United States District Court for the Central District of California, J. Spencer Letts, J., denied remand and granted judgment to manufacturers. Trucking companies appealed. The Court of Appeals held that: (1) trucking company could have stated a claim against manufacturers in California state court, and (2) joinder of the trucking company was not so improper as to be considered egregious.

Reversed and remanded.

West Headnotes

[1] Removal of Cases 334 ⟲⟲36

334 Removal of Cases
    334III Citizenship or Alienage of Parties
        334k36 k. Improper or Collusive Joinder of Parties. Most Cited Cases

Removal of Cases 334 ⟲⟲102

334 Removal of Cases
    334VII Remand or Dismissal of Case
        334k101 Grounds for Remand
            334k102 k. Want of Jurisdiction or of Cause for Removal. Most Cited Cases
    Trucking company could have stated a claim against engine manufacturers in California state court, and thus district court erred by denying trucking companies' motion to remand their action against the manufacturers, absent evidence that trucking company had not purchased the diesel engine subject of the suit or establishing that the company had no connection to California. 28 U.S.C.A. § 1441.

[2] Federal Courts 170B ⟲⟲317

170B Federal Courts
    170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
        170BIV(D) Evidence
            170Bk317 k. Presumptions and Burden of Proof. Most Cited Cases
    The burden is on the parties asserting federal jurisdiction, to establish the fraudulent nature of the joinder of the non-diverse plaintiff.

[3] Federal Courts 170B ⟲⟲303

170B Federal Courts
    170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
        170BIV(B) Controversies Between Citizens of Different States
            170Bk303 k. Improper or Collusive Making or Joinder of Parties. Most Cited Cases
    Joinder of trucking company in trucking companies' action against engine manufacturers was not so improper as to be considered egregious, for purposes of finding federal diversity jurisdiction, where the claims of all the trucking companies involved the purchase of an allegedly faulty diesel engine from one of the manufacturers. 28 U.S.C.A. § 1441.

*728 Appeal from the United States District Court for the Central District of California J. Spencer Letts, District Judge, Presiding.

*729 Before B.FLETCHER, T.G. NELSON and BERZON, Circuit Judges.

MEMORANDUM [FN*]

FN* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

**1 [1] Appellants, a number of trucking companies, appeal the district court's order granting judgment on the pleadings. Included in their appeal

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

24 Fed.Appx. 727, 2001 WL 1563913 (C.A.9 (Cal.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 24 Fed.Appx. 727, 2001 WL 1563913 (C.A.9 (Cal.)))

is a challenge to the district court's denial of plaintiffs' motion to remand the case to state court on the ground that the federal court lacked jurisdiction. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's denial of a motion to remand *de novo*. We reverse and remand with instructions.

As to Appellant's first argument that complete diversity existed on the face of the original complaint, we find that argument unpersuasive. While the non-diverse party was not listed in the caption or in the summons, as it technically should have been, it was clearly listed as a plaintiff in the body of the complaint, thereby providing notice to the defendants.[FN**] The presence or absence of federal jurisdiction should not hinge on a technicality such as failing to include a party in the caption when that party is named within the complaint. Therefore, the original complaint did not allege complete diversity.

> FN** We refuse to hold that, because the party's name was misspelled by one letter, the party was not named in the body of the complaint.

As the parties point out, this circuit has not addressed the issue of "fraudulent" or "egregious" joinder of plaintiffs for the purpose of defeating diversity jurisdiction in the federal courts. Other courts have held that plaintiffs may be fraudulently joined if "there is no *possibility* that [plaintiff] would be able to establish a cause of action against defendant[s] in state court." [FN1] The Eleventh Circuit has recognized the additional theory of egregious misjoinder, where the claims of non-diverse plaintiffs have no real connection or nexus to the claims of the diverse plaintiffs.[FN2] For purposes of discussion we will assume, without deciding, that this circuit would accept the doctrines of fraudulent and egregious joinder as applied to plaintiffs.

> FN1. *Foslip Pharmaceuticals, Inc. v. Metabolife Int'l, Inc.,* 92 F.Supp.2d 891, 903 (N.D.Iowa 2000) (citing *Burden v.*

*General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir.1995)) (emphasis added). These courts recognize that fraudulent joinder can also be established by proving outright fraud. There was no claim of outright fraud in this case.

> FN2. *See Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353 (11th Cir.1996) (abrogated on other grounds by *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1072-73 (11th Cir.2000)).

[2] The trucking companies' complaint in this case lacked complete diversity because one of the plaintiff trucking companies was a citizen of the same state as one of the defendant engine manufacturers. The manufacturers tried to remove the case to federal court by claiming that the court should ignore the citizenship of the non-diverse trucking company because the company was fraudulently joined. The burden is on the manufacturers, as the parties asserting federal jurisdiction, to establish the fraudulent nature of the joinder of the non-diverse plaintiff, Reliable Carriers Inc. (RCI).[FN3] Because the manufacturers did not meet their burden, we reverse.

> FN3. *See Kohler v. Inter-Tel Technologies,* 244 F.3d 1167, 1170 n. 3 (9th Cir.2001); *see also Sid Richardson Carbon and Gasoline Co. v. Interenergy Resources Ltd.,* 99 F.3d 746, 751 (5th Cir.1996) (requiring removing party to prove fraudulent joinder).

We cannot say, on this record, that there is *no* possibility that RCI could state a claim in California state court. The complaint alleged that RCI purchased the diesel engines that are the subject of this suit. Defendants introduced nothing to refute that claim or to establish that RCI had no connection to California. The fact that plaintiff trucking companies have not provided evidence of any connection between RCI and the State of California is not enough to prove that none exists-defendants bear the burden of proving fraudulent joinder. Given

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

24 Fed.Appx. 727, 2001 WL 1563913 (C.A.9 (Cal.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 24 Fed.Appx. 727, 2001 WL 1563913 (C.A.9 (Cal.)))

California's liberal rules on amendment of plead-
ings, it is very possible that the state court would
*730 have granted plaintiffs leave to amend their
complaint, allowing them to address the deficien-
cies the defendant manufacturers assert.[FN4] Ac-
cordingly, the district court erred by denying
plaintiffs' motion to remand because defendants
failed to meet their burden of proving fraudulent
joinder.

> FN4. *See* California Code of Civil Proced-
> ure, § 473.

[3] The engine manufacturers also asserted
egregious misjoinder as a basis for finding federal
diversity jurisdiction. However, the joinder of RCI
was not so improper as to be considered egregious,
thereby justifying ignoring RCI's presence in the
case.[FN5] The claims of all plaintiffs, including
RCI, involved the purchase of allegedly faulty dies-
el engines from one of the defendant manufactur-
ers. Therefore, there seems to be some connection
or nexus between the claims of the non-diverse
plaintiff and the claims of the diverse plaintiffs.

> FN5. *See In re Diet Drugs Products Liabil-
> ity Litigation,* No. Civ.A.98-20478, 1999
> WL 554584, at *4 (E.D.Pa. July 16, 1999)
> (holding that court would ignore citizen-
> ship of non-diverse plaintiffs because their
> claims were so unconnected to claims of
> other plaintiffs that it was egregious mis-
> joinder).

**2 Especially considering that 28 U.S.C. §
1441 is "strictly construed against removal," [FN6]
the state court, not the federal court, should decide
whether there is a sufficient nexus between RCI
and California to support a state court claim. De-
fendants failed to meet their burden of proving
fraudulent or egregious misjoinder before the dis-
trict court and that court erred by denying plaintiffs'
motion for remand. The district court lacked juris-
diction to hear this case because there was no feder-
al question involved nor complete diversity. There-
fore, we remand to the district court with instruc-

tions for it to remand the case to the state court.

> FN6. *O'Halloran v. University of Washing-
> ton,* 856 F.2d 1375, 1380 (9th Cir.1988).

REVERSED and REMANDED with instruc-
tions to remand the case to state court.

C.A.9 (Cal.),2001.
California Dump Truck Owners Ass'n v. Cummins
Engine Co., Inc.
24 Fed.Appx. 727, 2001 WL 1563913 (C.A.9 (Cal.))

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Slip Copy, 2012 WL 5471133 (N.D.Cal.)
**(Cite as: 2012 WL 5471133 (N.D.Cal.))**

Only the Westlaw citation is currently available.

United States District Court, N.D. California,
San Francisco Division.
Eva MORROW, Plaintiff,
v.
WELLS FARGO BANK, et al., Defendants.

No. C 12–03045 LB.
Nov. 9, 2012.

Michael C. Cohen, Esq., Law Offices of Michael C. Cohen, Oakland, CA, for Plaintiff.

Josi Kennon Swonetz, Allen Matkins et al., San Diego, CA, Keith David Yandell, Allen Matkins Leck Gamble Mallory & Natsis LLP, San Francisco, CA, Yelena Cayton, Newport Beach, CA, for Defendants.

### ORDER DECLINING TO RULE ON DEFENDANTS' PENDING MOTION TO DISMISS AND REMANDING ACTION BACK TO ALAMEDA COUNTY SUPERIOR COURT

LAUREL BEELER, United States Magistrate Judge.

### I. INTRODUCTION

\*1 Plaintiff Eva Morrow filed suit against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Cal–Western Reconveyance Corporation ("Cal–Western") in Alameda County Superior Court for alleged misconduct in relation to those entities' foreclosure on her property. *See* Notice of Removal, ECF No. 1 at 2. [FN1] Wells Fargo removed the action to this court, and now it and Cal–Western move to dismiss Mr. Morrow's First Amended Complaint and for an order expunging a *lis pendens.* Notice of Removal, ECF No. 1; Motion to Dismiss, ECF No. 5; Motion to Expunge, ECF No. 6; Joinder, ECF No. 18. Upon consideration of the papers submitted, the court declines to rule on the pending motions and instead **REMANDS** the action back to Alameda County Superior Court be-

cause the court lacks subject-matter jurisdiction over it.[FN2]

> FN1. Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

> FN2. Pursuant to this district's Civil Local Rule 7–1(b), the court finds this matter suitable for determination without oral argument and vacates the November 15, 2012 hearing.

### II. BACKGROUND

**A. *Substantive Facts***

The relevant facts are taken from Ms. Morrow's First Amended Complaint and certain public records of which the court takes judicial notice.[FN3] On or around May 7, 2007, Ms. Morrow borrowed $704,000.00 from World Savings Bank, FSB pursuant to a deed of trust and a promissory note. First Amended Complaint ("FAC"), ECF No. 1 at 13, ¶ 19; Request for Judicial Notice ("RJN"), ECF No. 5–1 at 5. She used the money to purchase property at 7260 Homewood Drive, Oakland, California. FAC, ECF No. 1 at 10, 13, ¶¶ 2, 19; RJN, ECF No. 5–1 at 6. The loan was secured by the deed of trust, World Savings Bank was named as the beneficiary of the deed of trust, and Golden West Savings Association Service Company was named as the trustee. FAC, ECF No. 1 at 13, ¶ 19; RJN, ECF No. 5–1 at 6.

> FN3. Wells Fargo asks the court to take judicial notice of the following documents: (1) a deed of trust that was recorded in the Official Records of Alameda County on May 15, 2007 and identified as Document Number 2007187570; (2) a letter, dated November 19, 2007, from Nicholas Dyer, Assistant Regional Director, Office of Thrift Supervision to John Stoker, Vice President and Assistant General Counsel,

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2012 WL 5471133 (N.D.Cal.)
(Cite as: 2012 WL 5471133 (N.D.Cal.))

Wachovia Corporation confirming that World Savings Bank changed its name to Wachovia Mortgage, FSB; (3) an official certification of the Comptroller of the Currency confirming Wachovia Mortgage, FSB's conversion to a national bank with the name Wells Fargo Bank Southwest, N.A., and Wells Fargo Bank Southwest, N.A.'s merging with and into Wells Fargo Bank, N.A.; (4) a notice of default that was recorded in the Official Records of Alameda County on January 3, 2011 and identified as Document Number 2011001548; (5) a trustee's deed upon sale that was recorded in the Official Records of Alameda County on March 7, 2012 and identified as Document Number 2012080467; and (6) certificate of corporate existence, dated April 21, 2006, of the Office of Thrift Supervision for World Savings Bank. Request for Judicial Notice ("RJN"), Exhs. A–F, ECF No. 5–1.

The court may take judicial notice of matters of public record. *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir.2001); *see* Fed.R.Civ.P. 201(d). Because the deed of trust, notice of default, and trustee's deed upon sale are public record, the court may take judicial notice of the undisputed facts contained in them. *See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.,* 393 F.Supp.2d 972, 978 (N.D.Cal.2005); Fed.R.Evid. 201(b); *see also Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal.App.4th 256, 264–67, 129 Cal.Rptr.3d 467 (2011). And other courts have taken judicial notice of documents identical or similar to the November 19, 2007 letter, the certification of the Comptroller of the Currency, and the certificate of corporate existence. *See Ibarra v. Loan City,* 09–CV–02228–IEG (POR), 2010 U.S.

Dist. LEXIS 6583, 2010 WL 415284, at *3 (S.D.Cal. Jan. 27, 2010) (finding judicial notice of documents related to defendant's status as an operating subsidiary of a federal savings association proper); *Gens v. Wachovia Mortgage Corp.,* No. CV10–01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, 2010 WL 1924777, at *2 (N.D.Cal. May 12, 2010) (taking judicial notice of a letter issued by the Office of Thrift Supervision confirming World Savings Bank's request to change its name to Wachovia Mortgage, FSB); *Biggins v. Wells Fargo & Co.,* No. 09–01272, 266 F.R.D. 399, 2009 U.S. Dist. LEXIS 64620, 2009 WL 2246199, at *4 (N.D.Cal. July 27, 2009) (taking judicial notice of an order from the Office of Thrift Supervision).

Ms. Morrow has not objected to Wells Fargo's request, nor has she challenged the authenticity of the attached documents. Accordingly, the court takes judicial notice of them.

On or around November 19, 2007, World Savings Bank changed its name to Wachovia Mortgage, FSB. RJN, Exh. B, ECF No. 5–1 at 23; *see* FAC, ECF No. 1 at 11, ¶¶ 8–10. And on or around November 1, 2009, Wachovia Mortgage, FSB converted to a national bank named Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A. RJN, Exh. C, ECF No. 5–1 at 25; *see* FAC, ECF No. 1 at 11, ¶¶ 8–10. Thus, Wells Fargo apparently became the beneficiary of the deed of trust. *See* FAC, ECF No. 1 at 13–14, ¶¶ 19, 22.

In or around April 2009, Ms. Morrow "became ill and her financial circumstances changed in such a way that she was unable to stay current on her monthly loan payment." FAC, ECF No. 1 at 15, ¶ 25. She requested that her loan be modified so she could avoid losing her property through foreclosure. *Id.* Wells Fargo (and/or Wachovia) "offered to

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2012 WL 5471133 (N.D.Cal.)
(Cite as: 2012 WL 5471133 (N.D.Cal.))

discuss [her] financial circumstances with [her] to explore ways for [her] to avoid foreclosure." *Id.* at 16, ¶ 26. Ms. Morrow then "submitted a loan modification application to Wells Fargo Bank in reasonable reliance on the written representations made by Wells Fargo and the verbal representations made by agents and[/]or employees of Wells Fargo, that Wells Fargo would reasonably and in good faith consider her loan modification application and would not sell the subject property in foreclosure in a foreclosure sale, while Wells Fargo and[/]or its agents and[/]or employees were considering and[/]or evaluating her loan modification application." *Id.* at 16, ¶ 28. Despite Wells Fargo's (and/or Wachovia's) offer to discuss the situation with Ms. Morrow, Wells Fargo (and/or Wachovia and/or World Savings Bank) failed to make a good faith and reasonable effort to discuss her financial circumstances, to avoid the sale of her property, and to contact her regarding the status of her loan modification application. *See id.* at 16–17, 30–36, ¶¶ 29, 77.

*2 On or around January 3, 2011, Cal–Western, acting as trustee [FN4], mailed a notice of default to Ms. Morrow and recorded it in the official records of Alameda County. *Id.* at 10–12, 30, ¶¶ 4, 11, 76; RJN, Exh. D, ECF No. 5–1 at 27–29. After much effort and numerous, often conflicting, requests from Wachovia and Wells Fargo employees, Ms. Morrow completed her loan modification application and submitted the necessary documents to Wells Fargo on January 6, 2012. *See* FAC, ECF No. 1 at 30–36, ¶ 77.

> FN4. Although no party submitted a notice of substitution of trustee showing that Cal–Western took over as trustee from Golden West Savings Association Service Company, Ms. Morrow alleges that she is "informed and believes" that Cal–Western is the trustee. *See* FAC, ECF No. 1 at 11–12, ¶ 11.

On March 1, 2012, and apparently before Wells Fargo provided Ms. Morrow with an answer regard-

ing her loan modification application, Cal–Western conducted a trustee's sale and sold Ms. Morrow's property to Wells Fargo Home Mortgage, which is a division of Wells Fargo. *Id.* at 10, 30–37, ¶¶ 4, 77–78; RJN, Exh. E, ECF No. 5–1 at 31–32. Cal–Western then recorded a trustee's deed upon sale in the official records of Alameda County on March 7, 2012. RJN, Exh. E, ECF No. 5–1 at 31.

**B. *Procedural History***

Ms. Morrow instituted this action in Alameda County Superior Court on April 16, 2012. *See* Notice of Removal, ECF No. 1 at 2. Ms. Morrow filed a First Amended Complaint—the operative complaint here—the next day. FAC, ECF No. 1 at 9–46. She names as defendants Wells Fargo and Cal–Western. *See id.* at 9. [FN5] She brings the following causes of action against "all defendants": (1) intentional misrepresentation; (2) negligent misrepresentation; (3) violation of California Civil Code §§ 2923.5 and 2924; (4) negligent infliction of emotional distress; (5) violation of California Business and Professions Code § 17200 et seq.; (6) breach of fiduciary duty; and (7) quiet title. *See id.* at 9–46. All of these claims arise under California law.

> FN5. Although Ms. Morrow includes "Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A." as a defendant in the caption of her First Amended Complaint, Ms. Morrow does not mention Wells Fargo Home Mortgage in her allegations. *See generally* FAC, ECF No. 1 at 9–46. Instead, she only refers to Wells Fargo Bank, N.A. *See generally id.* For this reason, the court considers Wells Fargo Bank, N.A. to the only Wells Fargo-related entity to be a defendant to this action.

On June 13, 2012, Wells Fargo removed the action to this court, claiming diversity jurisdiction. Notice of Removal, ECF No. 1; *see* 28 U.S.C. § 1332. Wells Fargo moved to dismiss Ms. Morrow's First Amended Complaint and for an order expun-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2012 WL 5471133 (N.D.Cal.)
(Cite as: 2012 WL 5471133 (N.D.Cal.))

ging a *lis pendens.* Motion to Dismiss, ECF No. 5; Motion to Expunge, ECF No. 6. After being served with the complaint, Proof of Service, ECF No. 16, Cal–Western joined Wells Fargo's motion to dismiss, Joinder, ECF No. 18.

All parties have consented to the undersigned's jurisdiction. Consent (Wells Fargo), ECF No. 7; Consent (Ms. Morrow), ECF No. 9; Consent (Cal–Western), ECF No. 19.

### III. DISCUSSION
#### A. *Subject–Matter Jurisdiction*
At the outset, the court must examine whether it has subject-matter jurisdiction over this action. Even in the absence of a motion to remand, the court has an obligation to ensure that subject-matter jurisdiction exists prior to its review of an action's merits. *See Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir.2004). And even though a motion to remand was not filed, Ms. Morrow and Wells Fargo did, in fact, offer competing arguments in this regard in the briefing on Wells Fargo's motion to dismiss. *See* Opposition, ECF No. 10 at 3–4; Reply, ECF No. 12 at 8–12.[FN6] Cal–Western chose not to mention this issue in its joinder to Wells Fargo's motion to dismiss. See Joinder, ECF No. 18.

> FN6. Wells Fargo notes in its reply that Ms. Morrow raised the issue of the court's subject-matter jurisdiction in its opposition to Wells Fargo's motion to dismiss, rather than through a formal motion to remand. Reply, ECF No. 12 at 7. Given the court's obligation to review, *sua sponte,* whether subject-matter jurisdiction exists, and given that both Mr. Morrow and Wells Fargo have had the opportunity to offer argument on this issue, the court will address it here.

\*3 Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

Wells Fargo, a citizen of South Dakota [FN7], removed this action from California state court on basis of diversity jurisdiction. Notice of Removal, ECF No. 1; *see* 28 U.S.C. § 1332. Diversity jurisdiction requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332 ; *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

> FN7. That Wells Fargo is a citizen of South Dakota for diversity jurisdiction purposes does not appear to be disputed. *See* Opposition, ECF No. 10 at 3–4 (arguing only that Cal–Western is a citizen of California and thereby destroys the complete diversity requirement). Even so, because Wells Fargo is a national banking association incorporated in South Dakota and its articles of incorporation state that its main office is located there as well, *see* Notice of Removal, Exh. F, ECF No. 1 at 135–40, it is a citizen of South Dakota for diversity jurisdiction purposes. *See* 28 U.S.C. § 1348 (all national banking associations are "deemed citizens of the States in which they are respectively located."); *Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 313–314, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006)) (interpreting 28 U.S.C. § 1348 to mean that a national banking association is a citizen of the state where its articles of association designate its "main office").

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir.1992) (internal quotations omitted). "Courts should resolve doubts as to removability in favor of remanding the case to state court." *Id.*

#### 1. *The Amount–In–Controversy Requirement*
To determine the amount in controversy, the court considers evidence "relevant to the amount in controversy at the time of removal." *Valdez v. All-*

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

*state Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir.2004); *see also Sparta Surgical Corp. v. NASD,* 159 F.3d 1209, 1213 (9th Cir.1998) ("[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments."). When no amount is specified in the plaintiff's complaint, the removing defendant has the burden of showing that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996).

As it is stated in her First Amended Complaint, Ms. Morrow seeks, among other things, "[g]eneral and economic damages not to exceed $70,000.00," [a] determination of the right, title, and ownership interest of the subject property," and an order cancelling the deed of trust and promissory note, reducing the principal balance owed on the promissory note, modifying the existing loan, enjoining the sale of the subject property. *See* FAC, ECF No. 1 at 44–45. Ms. Morrow thus contends that the amount-in-controversy requirement is not met because she seeks damages of less than $75,000. Opposition, ECF No. 10 at 4.

But Ms. Morrow does not only seek damages. As Wells Fargo correctly points out, " '[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.' " *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir.2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)). In actions to enjoin foreclosure sales, to quiet title, or to remove a cloud from title, the object of the litigation is the real estate itself. *See Chapman v. Deutsche Bank Nat. Trust Co.,* 651 F.3d 1039, 1045 n. 2 (9th Cir.2011) (citing *Garfinkle v. Wells Fargo Bank,* 483 F.2d 1074, 1076 (9th Cir.1973); *Woodside v. Ciceroni,* 93 F. 1, 4 (9th Cir.1899); *Ngoc Nguyen v. Wells Fargo Bank, N.A.,* 749 F.Supp.2d 1022, 1028–29 (N.D.Cal. Oct.27, 2010) ("Numerous courts have held that, where a complaint seeks to invalidate a loan secured by a deed of trust, the amount in con-

troversy is the loan amount.") (collecting cases); *see also De Long v. Bank of America, N.A.,* No. 11–CV–06388–LHK, 2012 WL 1498868, at *4 (N.D.Cal. Apr.27, 2012) ("[T]he amount in controversy was met because Plaintiff sought to quiet title and to cancel the Trustee's Deed upon sale for the property, which was valued at $214,000."). Here, Ms. Morrow seeks to quiet title and cancel the deed of trust and promissory note, and the value of her loan is $704,000.00, *see* RJN, Exh. A, ECF No. 5–1 at 5, and the property sold at the trustee's sale for $543,418.00, *see id.,* Exh. E, ECF No. 5–1 at 31, so under the authorities cited above, the amount-in-controversy requirement is met.

**2. *The Complete Diversity Requirement***
*4 It is undisputed that Ms. Morrow and Cal–Western both are citizens of California. *See* FAC, ECF No. 1 at 9, 11–12, ¶¶ 1, 11; Notice of Removal, ECF No. 1 at 4; *see also* Joinder, ECF No. 18 (not arguing that Cal–Western is a citizen of another state). Ms. Morrow argues that this destroys the court's diversity jurisdiction. Opposition, ECF No. 10 at 3–4. Wells Fargo counters that Cal–Western should be disregarded for diversity jurisdiction purposes because Cal–Western has been fraudulently joined in this action. Notice of Removal, ECF No. 1 at 4–5; Reply, ECF No. 12 at 8–11.

While diversity jurisdiction under 28 U.S.C. § 1332 ordinarily requires complete diversity of the parties, removal is proper despite the presence of a non-diverse defendant when that defendant was fraudulently joined. *See Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996); *McCabe v. Gen. Foods,* 811 F.2d 1336, 1339 (9th Cir.1987) (a fraudulently jointed defendant will not defeat diversity jurisdiction). In the Ninth Circuit, if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe,* 811 F.2d at 1339. There is a strong presumption against fraudulent joinder, and a defend-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 6

Slip Copy, 2012 WL 5471133 (N.D.Cal.)
(Cite as: 2012 WL 5471133 (N.D.Cal.))

ant who asserts it "carr[ies] a heavy burden of persuasion." *Lieberman v. Meshkin, Mazandarani,* C–96–3344 SI, 1996 WL 732506, at *2 (N.D.Cal. Dec.11, 1996) (citing *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990)). "Indeed, [a defendant] must show to 'a near certainty' that joinder was fraudulent and that 'plaintiff has *no actual intention to prosecute* an action against [that] particular resident defendant[ ]." *Osorio v. Wells Fargo Bank,* No. C 12–02645 RS, 2012 WL 2054997, at *2 (N.D.Cal. June 5, 2012) (quoting *Diaz v. Allstate Ins. Group,* 185 F.R.D. 581, 586 (C.D.Cal.1998) (emphasis in original) (citing *Boyer,* 913 F.2d at 111)); *see also Lewis v. Time, Inc.,* 83 F.R.D. 455, 466 (E.D.Cal.1979), aff'd, 710 F.2d 549 (9th Cir.1983).

"The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be **fraudulent**." *Id.* A non-diverse defendant is deemed to be **fraudulently joined** if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *See Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir.1989). "In order to establish that there has been no **fraudulent joinder**, a plaintiff need only have one potentially valid claim against a non-diverse defendant" to survive a **fraudulent joinder** challenge. *Knutson v. Allis–Chalmers Corp.,* 358 F.Supp.2d 983, 993–95 (D.Nev.2005) (collecting cases). Accordingly, a defendant seeking removal based on an alleged **fraudulent joinder** must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. *See Burris v. AT & T Wireless, Inc.,* No. C 06–02904 JSW, 2006 WL 2038040, at *2 (N.D.Cal. July 19, 2006) (citing *Nickelberry v. DiamlerChrysler Corp.,* No. C–06–1002 MMC, 2006 WL 997391, at *1–2 (N.D.Cal. Apr.17, 2006) (remanding action where defendant failed to demonstrate that the plaintiff would not be given leave to amend to cure the pleading deficiency regarding the alleged sham de-

fendant)). "Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.' " *Padilla v. AT & T Corp.,* 697 F.Supp.2d 1156, 1159 (C.D.Cal.2009) (quoting *Burris,* 2006 WL 2038040, at *2).

*5 Wells Fargo argues that Ms. Morrow has not sufficiently alleged any claims against Cal–Western. *See* Reply, ECF No. 12 at 9–11. It is correct with respect to Ms. Morrow's claim for a violation of California Civil Code § 2923.5 and to quiet title. In *Mabry v. Superior Court,* 185 Cal.App.4th 208, 110 Cal.Rptr.3d 201 (2010), the California Court of Appeal considered section 2923.5 and persuasively reasoned that the only remedy for a violation is postponement of a foreclosure sale. *Id.* at 235, 110 Cal.Rptr.3d 201 ("There is nothing in section 2923.5 that even hints that noncompliance with the statute would cause any cloud on title after an otherwise properly conducted foreclosure sale."). Courts in this district have uniformly followed *Mabry* and held that a plaintiff cannot state a claim challenging the foreclosure process where a foreclosure sale has already occurred, as it has here. *See, e.g., Garbutt v. Adamarc Financial Co., Inc.,* No. C10–05338 HRL, 2011 WL 2784548, at *2–3 (N.D.Cal. July 13, 2011); *Davenport v. Litton Loan Servicing, LP,* 725 F.Supp.2d 862, 877–78 (N.D.Cal.2010); *Aguilera v. Hilltop lending Corp.,* No. C 10–0184 JL, 2010 WL 3340566, at *4–5 (N.D.Cal. Aug.25, 2010); *Atkins v. Litton Loan Servicing, LLP,* No. C 10–0561 RS, 2010 WL 3184350, at *4 (N.D.Cal. Aug.11, 2010). And with respect to her claim to quiet title, Cal–Western does not claim any interest in the subject property. Thus, under California law, it is "obvious" Ms. Morrow cannot now state a claim against Cal–Western for a violation of California Civil Code § 2923.5 or to quiet title. *See McCabe,* 811 F.2d at 1339.

But it not so clear with respect to Ms. Morrow's other claims. Wells Fargo argues that her other claims—claims for intentional misrepresentation,

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2012 WL 5471133 (N.D.Cal.)
(Cite as: 2012 WL 5471133 (N.D.Cal.))

negligent misrepresentation, negligent infliction of emotional distress, violation of California Business and Professions Code § 17200 et seq., and breach of fiduciary duty and brought against "all defendants"—are subject to the heightened pleading standard under Federal Rule of Civil Procedure 9(b) because they sound in fraud. Reply, ECF No. 12 at 9–11.[FN8] It does not cite any authority in support of this proposition, but because her claims do appear to be based on Defendants' foreclosure upon her property while her loan modification application was still pending, despite assurances that that would not happen, the court believes that Rule 9(b) likely applies to those claims. *See Chancellor v. OneWest Bank,* No. C 12–01068 LB, 2012 WL 1868750, at *15–16 (N.D.Cal. May 22, 2012) (applying Rule 9(b)'s heightened pleadings standard to intentional and negligent misrepresentation claims); *Long v. Hewlett–Packard Co.,* No C 06–2616 JW, 2007 WL4877691, at *3 (N.D.Cal. Dec. 21, 2006) (applying Rule 9(b)'s heightened pleading standard to allegations of fraud in support of a § 17200 claim).

> FN8. Specifically, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Yess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (quoting *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997)). Further, "a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (quoting *Decker v. GlenFed, Inc.,* 42 F.3d 1541, 1548 (9th Cir.1994) (superceded by statute on other grounds)). A plaintiff must also differentiate his allegations when suing more than one defendant, especially in the context of fraud claims. *See Destfino v. Reiswig,* 630 F.3d 952, 958 (9th Cir.2011).

It is true that Ms. Morrow's allegations primarily focus on the conduct of Wells Fargo (or of Wachovia or World Savings Bank). It also is true that her allegations concerning Cal–Western primarily focus on its role as trustee. Nevertheless, Ms. Morrow does bring all of her claims against "all defendants," including Cal–Western. And, while she does not allege it is a separate cause of action, she does allege (albeit in a conclusory fashion) that Cal–Western conspired with Wells Fargo to commit the misconduct she describes.[FN9] Specifically, she alleges that "Wells Fargo, and[/]or World Savings Bank, and [/]or Wachovia and[/]or Cal–Western, and[/]or Does 1 to 10, and each of them or either of them, in doing the acts alleged herein conspired and[/]or acted with intent to deceive [her] and to unfairly obtain title to the subject property, in violation of [her] legal and[/]or equitable rights." FAC, ECF No. 1 at 17–18, ¶ 30. Ms. Morrow reiterates this point in her opposition. Opposition, ECF No. 10 at 4 ("Cal[-]Western conspired with Wells Fargo to deceive [Ms. Morrow]."). Under a conspiracy theory, of course, Cal–Western would be liable for the acts of Wells Fargo. *See Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 510–11, 28 Cal.Rptr.2d 475, 869 P.2d 454 (1994).

> FN9. Under California law, "[c]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 510–11, 28 Cal.Rptr.2d 475, 869 P.2d 454 (1994). Liability for civil conspiracy generally requires three elements: (1) formation of a conspiracy (an agreement to commit wrongful acts); (2) operation of a conspiracy (commission of the wrongful acts); and (3) damage resulting from operation of a conspiracy. *Id.* at 511, 28 Cal.Rptr.2d 475, 869 P.2d 454. A civil conspiracy is therefore activated by the commission of an underlying wrongful act. *Id.*

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2012 WL 5471133 (N.D.Cal.)
(Cite as: 2012 WL 5471133 (N.D.Cal.))

*6 But even if Ms. Morrow's allegations do not meet Rule 9(b)'s standard now, Wells Fargo has not shown, as it must, that she could not re-allege them to do so. See *Padilla v. AT & T Corp.,* 697 F.Supp.2d 1156, 1159 (C.D.Cal.2009) ("Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.' ") (quoting *Burris,* 2006 WL 2038040, at *2). Indeed, at least one court in this district has rejected Wells Fargo's fraudulent joinder argument where the plaintiff alleged that Cal–Western "acted improperly as a trustee, colluded with Wells Fargo to defraud plaintiff, and benefitted from the joint conspiracy." *Osorio,* 2012 WL 2054997, at *2. In this circumstance, the court finds that Wells Fargo has not carried its "heavy burden of persuasion," *Lieberman,* 1996 WL 732506, at *2, to show to "a near certainty" that joinder was fraudulent and that Ms. Morrow "has *no actual intention to prosecute* an action" against Cal–Western. *Diaz v. Allstate Ins. Group,* 185 F.R.D. 581, 586 (C.D.Cal.1998) (emphasis in original); *see Osorio,* 2012 WL 2054997, at *2. Accordingly, the court concludes that Cal–Western has not been **fraudulently joined** and that Wells Fargo's removal of this action was improper.

**B.** *The Merits of Wells Fargo and Cal–Western's Motion to Dismiss and Wells Fargo's Motion for an Order Expunging a Lis Pendens*
Because the court concludes that it does not have subject-matter over this dispute (because there is no complete diversity), the court does not address the merits of Wells Fargo and Cal–Western's motion to dismiss or Wells Fargo's motion to expunge a *lis pendens.*

### IV. CONCLUSION
Based on the foregoing, the court declines to rule on Wells Fargo and Cal–Western's motion to dismiss or Wells Fargo's motion to expunge a *lis pendens* and instead **REMANDS** this action back to Alameda County Superior Court. The Clerk of the Court shall close the file.

IT IS SO ORDERED.

N.D.Cal.,2012.
Morrow v. Wells Fargo Bank
Slip Copy, 2012 WL 5471133 (N.D.Cal.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

# CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF System which will send notification of such filing to the following Attorneys for Defendants:

Kammi Mencke Smith:     kms@winstoncashatt.com

Rachel E. Linzy:     rel@kullmanlaw.com

Heather F. Crow:     hfc@kullmanlaw.com


By: s\ Brian Davis
*BRIAN G. DAVIS, WSBA NO. 43521*
*GEORGE FEARING, WSBA NO. 12970*
Leavy, Schultz, Davis & Fearing, P.S.
2415 W. Falls Avenue
Kennewick, WA 99336
Telephone: (509) 736.1330
bdavis@tricitylaw.com
gfearing@tricitylaw.com
Attorneys for Plaintiffs

---

PLAINTIFFS' MEMORANDUM IN
SUPPORT OF MOTION TO REMAND

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

23