The Honorable Edward F. Shea

BRIAN G. DAVIS, WSBA NO. 43521
GEORGE FEARING, WSBA NO. 12970
Leavy, Schultz, Davis & Fearing, P.S.
2415 W. Falls Avenue
Kennewick, WA 99336
Telephone: (509) 736.1330
bdavis@tricitylaw.com
gfearing@tricitylaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD LOID and GINGER LOID, a marital community.<br><br>Plaintiff,<br><br>vs.<br><br>COMPUTER SCIENCES CORPORATION, a Nevada Corporation, HEIDI JARRETT and JUSTINE JARRETT<br><br>Defendants. | No. CV-12-5144-EFS<br><br>PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT TO AMEND COMPLAINT |

COME NOW the plaintiffs, Richard and Ginger Loid, by and through their attorneys of record, and reply to defendants', Computer Science

PLAINTIFF'S REPLY MEMORANDUM IN
SUPPORT OF MOTION FOR LEAVE OF COURT
Page 1 of 17

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

Corporation ("CSC"), Heidi Jarrett, and Justine Jarrett, opposition to motion for leave to amend complaint.

## INTRODUCTION

Plaintiff Richard Loid brought suit against defendants in the Superior Court of Washington, Benton County, alleging the tort of wrongful discharge and tortious interference with a business expectancy. Defendants, in an attempt to forum shop for their corporate client, removed the matter to this court (ECF No. 12). Defendants did so despite a pending hearing in the state court, arguing that defendants, Heidi and Justine Jarrett ("Jarretts") were fraudulently joined. (ECF No. 1,4). Defendants then filed a Rule 12(b)(6) motion to dismiss the Jarretts.

In response, plaintiffs filed this motion for leave of court to amend their complaint to add claims of outrage and defamation. Defendants oppose the motion claiming the claims are "futile" and additionally ask this court to strike the motion of Brian Davis. Defendants take these positions in an attempt to forum shop for their corporate client. They do so while ignoring the likely

PLAINTIFF'S REPLY MEMORANDUM IN
SUPPORT OF MOTION FOR LEAVE OF COURT
Page 2 of 17

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

culpability of two individuals who caused tremendous turmoil to Richard and Ginger Loid's financial, emotional and marital well-being.

## ARGUMENT

### I. It can be proven that the Jarretts' conduct in working to terminate Loid's employment was both outrageous and defamatory, therefore leave should be granted.

A district court "shall grant leave to amend freely 'when justice so requires.' *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*quoting* Fed. R. Civ. P. 15(a)). In addition, "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also Griggs v. Pace Am. Group, Inc.* 170 F. 3d 877, 880 (9th Cir. 1999) (noting that inferences should be drawn "in favor of granting the motion"). A motion for leave to amend may be denied if it appears to be futile or legally insufficient. However, a proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.* 845 F. 2d 209, 214 (internal citations omitted). The proper test to be applied

PLAINTIFF'S REPLY MEMORANDUM IN
SUPPORT OF MOTION FOR LEAVE OF COURT
Page 3 of 17

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under FRCP 12(b)(6). *Sheperd v. American Honda Motor Co. Inc.*, 822 F.Supp. 625 (N.D. Cal. 1993). "A complaint should not be dismissed under Rule 12(b)(6) unless it appears **beyond a doubt** that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Balistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir. 1992)(emphasis added)

### A. The alleged facts can be proven to show that the Jarretts' conduct constituted defamation.

To state a claim of defamation in Washington State, one must prove (1) a false and defamatory communication; (2) lack of privilege; (3) fault; and (4) damage. *Duc Tan v. Le*, 161 Wash. App. 340, 254 P.3d 904 (Div. II 2011). The plaintiffs allege the following facts that if proven, would entitle plaintiff to relief.

- Plaintiff, Richard Loid found that Justine Jarrett, daughter of HR director Heidi Jarrett, "grew complacent in the workplace" and

PLAINTIFF'S REPLY MEMORANDUM IN
SUPPORT OF MOTION FOR LEAVE OF COURT
Page 4 of 17

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

suggested to his direct supervisor that her position should be terminated. Heidi Jarrett was informed of this suggestion and Loid was immediately placed on suspension. (ECF No. 16 Ex. A. ¶¶ III, IV, X).

- Mr. Loid was investigated for sexual harassment and was later terminated. (ECF No. 16 Ex. A. ¶ XI, XII). The investigation "focused on . . . Justine Jarrett", who "communicated" to her mother and others that Richard Loid had "allegedly given" her romantic letters as a means to "bolster her false claim of sexual harassment." (ECF. NO. 16 Ex. A. ¶ XII).

- This communication included "false facts" as "the letters were written by Richard Loid and *intended for his wife*, but were taken off his desk by Justine Jarrett." Id. (emphasis added).

- Heidi Jarrett "participated in the investigation and termination of Richard Loid's employment." Heidi Jarrett "communicated the false facts regarding the romantic letters to others with malice. Justine

PLAINTIFF'S REPLY MEMORANDUM IN
SUPPORT OF MOTION FOR LEAVE OF COURT
Page 5 of 17

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

and Heidi Jarrett did so to effectuate Richard Loid's termination so that Justine would not lose her position." (ECF NO. 16 Ex. A. ¶ XIII).

The above alleged facts, if proven, clearly state a claim for defamation in Washington State. As such, plaintiffs should be permitted to add the claim of defamation because asserting such a claim would not be futile.

Defendants argue that there are no facts alleged that Heidi Jarrett or Justine made any statement. To support this position, they cite absolutely no authority. In Washington, a provably false statement is when "it falsely describes the act, condition or event that comprises its subject matter." *Schmalenberg v. Tacoma News, Inc.*, 87 Wash.App. 579, 590-91, 943 P.2d 350 (1997). Both Heidi Jarrett and Justine Jarrett communicated the false facts regarding the romantic letters. The example of the false facts, as outlined in the complaint, is that the letters "were written by Richard Loid and . . . given to Justine Jarrett." (ECF No. 16 Ex. A. ¶ XII). This is provably false as the letters were written by Richard Loid and "intended for his wife." *Id*. As

PLAINTIFF'S REPLY MEMORANDUM IN
SUPPORT OF MOTION FOR LEAVE OF COURT
Page 6 of 17

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

such, it is clear by the alleged facts that that statements of false facts surrounding the romantic letters were made by both Justine and Heidi Jarrett.

Defendant next takes the position that there exists a privilege regarding the statements made by the Jarretts. However, defendants completely ignore the case law explaining how a privilege can be waived in Washington State. While a privilege may exist regarding the communications, any privilege asserted is likely lost as it was abused due to the Jarretts' knowledge of the falsity of their statements and reckless disregard as to the falsity of the statements. Stated otherwise, they acted with actual malice as alleged in the pleadings. "Justine and Heidi Jarrett did so to effectuate Richard Loid's termination so that Justine would not lose her position." (ECF No.16 Ex. A ¶ XIII). A "showing of actual malice will defeat a conditional or qualified privilege." *Herron v. Tribune Pub. Co. Inc.*, 108 Wash.2d 162, 183, 736 P.2d 249 (1987).

The facts alleged in the complaint support a claim of defamation. Any privilege asserted by defendants has been waived because they acted with

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT
Page 7 of 17

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

malice when making false statements about the plaintiff, as alleged in the complaint. The defamation claim is not futile and leave to amend should be granted.

### B. The alleged facts can be proven to show that the Jarretts' conduct was outrageous.

To recover for the tort of outrage, the plaintiff must prove (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress. *Corey v. Pierce County*, 154 Wash.App. 752, 225 P.3d 367 (Div I 2010). The facts, as alleged, indicate the following:

- Immediately after Richard Loid suggested the termination of Justine Jarretts position, he was placed on leave and investigated for sexual harassment that focused on Justine Jarrett. (ECF. No. 16 Ex. A ¶¶ X, XII).
- Justine Jarrett communicated false facts regarding romantic letters to her mother, HR Director Heidi Jarrett in order to bolster the false claim of sexual harassment. (ECF No. 16 Ex. A. ¶ XII).

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT
Page 8 of 17

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

- Heidi Jarrett participated in the investigation and termination of Richard Loid and communicated the false facts regarding the romantic letters to effectuate Loid's termination so that Justine would not lose her position (ECF No. 16. Ex. A ¶ XIII).

- During the investigation, Heidi Jarrett intimidated employees whom she interviewed as Brian McAfee believed that "mother and daughter discussed things and influenced one another and that Heidi could retaliate against him." In fact, some individuals who were interviewed "were afraid to say anything during their interviews" with Ms. Jarrett "because Justine was Heidi's daughter." (ECF No. 16 Ex. A. XIV).

- Richard Loid has experienced emotional distress because of Heidi and Justine Jarretts' conduct (ECF No. 16 Ex. A. ¶ XVI).

The question of whether certain conduct is sufficiently outrageous is ordinarily for the jury, but it is initially for the court to determine if reasonable minds could differ on whether their conduct was sufficiently extreme to result

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT
Page 9 of 17

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

in liability. *Seaman v. Karr*, 114 Wash.App. 665 (2002). In addressing this motion, this court may be guided by the facts in *Corey v. Pierce County*, 154 Wash.App. 752 (2010). In *Corey*, the plaintiff, a prosecuting attorney, was terminated from employment by being forced to resign. She was subsequently investigated for mishandling of public funds despite the fact that it was known that there was no wrongdoing in this regard. This information was disseminated to third parties causing emotional distress on the plaintiff. The court permitted the outrage claim to go to the jury and instructed the jury that the outrage claim "can be considered for all . . . actions by the Defendants." *Id.* at 763.

Similar to this case, the defendants in *Corey* relied on *Dicomes v. The State of Washington*, 782 P.2d 1002 (Wash. 1989) to stand for the proposition that, as a matter of law, an allegation that a defendant employer had created an intentionally false report for the sole purpose of embarrassing and humiliating the plaintiff was not sufficient to make out a prima facie case of outrage. The court in *Corey* correctly pointed out that the defendants were not accurately

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT
Page 10 of 17

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

portraying the statements in *Dicomes*. Instead, the claim in *Dicomes* was dismissed because "Dicomes did not establish sufficiently outrageous behavior to warrant liability." *Corey* at 764. The plaintiff in *Corey*, however, did present sufficient evidence to allow the claim to go to the jury. Specifically, the plaintiff showed that the defendant essentially publically accused her of criminal behavior despite knowledge that an internal investigation revealed little of substance to such accusation. *Id*.

In this case, similar to *Corey*, there are sufficient facts alleged to support a claim of outrage. Richard Loid was investigated by HR Director Heidi Jarrett for sexual harassing her daughter, Justine Jarrett. This investigation took place immediately after Loid suggested terminating Justine's position. The investigation was supported by untrue statements and proof provided by Justine and resulted in Loids termination and significant emotional damage. (ECF No. 16 Ex. A ¶¶ X, XII, XIII, XVI). This amounts to extreme and outrageous conduct that resulted in severe emotional distress. At the very least, reasonable minds could differ as to whether the conduct was outrageous

PLAINTIFF'S REPLY MEMORANDUM IN
SUPPORT OF MOTION FOR LEAVE OF COURT
Page 11 of 17

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

therefore the claim is not futile.

Defendant also relies on unpublished case law to support their contention that plaintiff cannot state a claim for the tort of outrage. Defendant fails to provide this honorable court with photocopies of the unpublished case law in defiance to LR 7.1(g)(3) and this court should not consider the legal precedent for which they are asserted. However, for the purpose of completeness, plaintiff will address each.

First, defendant uses unpublished case law to support the notion that privileged communications cannot be the basis for an outrage claim but again fails to address waiver of privileged communication under Washington jurisprudence as discussed above. Second, defendants use unpublished case law to support the notion that the plaintiffs must be present during the purported activities to support the tort of outrage. While Washington courts apply a "presence requirement" it is only applicable when the outrage is directed at a third party. *Lund v. Caple*, 100 Wash.2d 739 (1984) (holding the presence requirement "is a crucial element of a claim for outrage when the

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT
Page 12 of 17

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

conduct is directed at a third person).

It cannot be held that, beyond a doubt, the plaintiff is unable to prove these facts to support a claim of outrage. To the contrary, plaintiff can, and will, prove the facts to support the claim of outrage and therefore, the stated claim is not futile and leave should be granted to amend the complaint.

> **C. This court should not strike the declaration of Brian Davis because it substantially comports to the criteria set forth in 28 U.S.C § 1746.**

Defendants request this court to strike the declaration of Brian Davis without any supportive authority what-so-ever. In doing so, they misstate the law asserting that 28 U.S.C. § 1746 contain strict requirements to be an admissible statement. Little research will reveal that this is simply not true.

In *Powell v. Profile Design LLC* the defendant objected to plaintiff's declaration because it did not comply with 28 U.S.C. § 1746. Defendant argued the declaration was inadmissible because it was signed overseas and did not "state, declare, verify, or certify under the penalty of perjury under the laws of the United States that the instrument was true and correct." *Powell v.*

PLAINTIFF'S REPLY MEMORANDUM IN
SUPPORT OF MOTION FOR LEAVE OF COURT
Page 13 of 17

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

*Profile Design LLC*, 838 F.Supp. 2d 535 (S.D. Tex., 2012). The court rejected defendant's argument because the declaration stated, "Declaration of Jon Chaing Under Penalty of Pejury" and declared "under penalty of perjury that the foregoing is true and correct." *Id.* The court went on and stated "Indeed, while 28 U.S.C. § 1746 suggests the particular language 'I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct,' the provision states only that the declaration need be 'substantially' in that form." *Id.*

Similar to the declaration in *Powell*, the declaration of Brian Davis submitted to support this motion, states, "I DECLARE THE FOREGOING UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE UNTIED STATES OF AMERICA" and is immediately after signed by the declarant. (ECF No. 17-1). As such, it substantially comports to the requirements of 28 U.S.C. § 1746 just as the court held in *Powell*.

Furthermore, defendant states, without any authority, (case law or statute), that the declaration is not based on personal knowledge. They do so

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT
Page 14 of 17

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

despite admitting that the first paragraph declares that the declarant had personally "garnered additional information . . . that supports claims for defamation and outrage." The declaration continues with examples of such information personally garnered. (ECF No. 17-1). Because defendant has opened the door to such an argument, plaintiff hereby submits a supplemental declaration with additional information to satisfy their high standards regarding 28 U.S.C. §1746 asserted in their opposition memorandum. (See Declaration of Brain Davis with attachment).

## CONCLUSION

For the reasons stated herein, this honorable court should grant plaintiff leave to amend their complaint asserting the claim of defamation and outrage against defendants Heidi and Justine Jarrett.

//

//

//

//

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT
Page 15 of 17

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

Respectfully submitted this 22st day of December, 2012.


LEAVY, SCHULTZ, DAVIS & FEARING, P.S.


By: s\ Brian Davis
*BRIAN G. DAVIS, WSBA NO. 43521*
*GEORGE FEARING, WSBA NO. 12970*
Leavy, Schultz, Davis & Fearing, P.S.
2415 W. Falls Avenue
Kennewick, WA 99336
Telephone: (509) 736.1330
bdavis@tricitylaw.com
gfearing@tricitylaw.com

Attorneys for Plaintiffs

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT
Page 16 of 17

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

# CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF System which will send notification of such filing to the following Attorneys for Defendants:

Kammi Mencke Smith:    kms@winstoncashatt.com

Rachel E. Linzy:    rel@kullmanlaw.com

Heather F. Crow:    hfc@kullmanlaw.com

By: s\ Brian Davis
*BRIAN G. DAVIS, WSBA NO. 43521*
*GEORGE FEARING, WSBA NO. 12970*
Leavy, Schultz, Davis & Fearing, P.S.
2415 W. Falls Avenue
Kennewick, WA 99336
Telephone: (509) 736.1330
bdavis@tricitylaw.com
gfearing@tricitylaw.com
Attorneys for Plaintiffs

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT
Page 17 of 17

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580