*BRIAN G. DAVIS, WSBA NO. 43521*
*GEORGE FEARING, WSBA NO. 12970*
Leavy, Schultz, Davis & Fearing, P.S.
2415 W. Falls Avenue
Kennewick, WA 99336
Telephone: (509) 736.1330
bdavis@tricitylaw.com
gfearing@tricitylaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD LOID and GINGER LOID, a marital community. | No. CV-12-5144-EFS |
| Plaintiff, | REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND |
| vs. | |
| COMPUTER SCIENCES CORPORATION, a Nevada Corporation, HEIDI JARRETT and JUSTINE JARRETT | |
| Defendants. | |

COMES NOW the plaintiffs, Richard and Ginger Loid, by and through

their attorneys of record, and reply to defendants', Computer Science

PLAINTIFFS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO REMAND
Page 1 of 12

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

Corporation ("CSC"), Heidi Jarrett and Justine Jarrett, opposition to plaintiffs'

motion to remand the case to state court.

## INTRODUCTION

Plaintiffs Richard and Ginger Loid have been wronged by defendants

CSC, Heidi Jarrett, and Justine Jarrett. A lawsuit was filed in the Superior

Court of Benton County, Washington. Defendants removed the action despite

a pending hearing and the presence of non-diverse defendants; Heidi and

Justine Jarrett. Defendants argue that the defendants are "fraudulently joined"

and filed a 12(b)(6) motion attempting to remove them from the suit.

Plaintiffs filed a motion for leave to amend their complaint and motion to

remand. All pending motions will be heard on January 2, 2013.

Defendants continue to assert that plaintiffs wish to avoid jurisdiction by

joining a fraudulent defendant. This is not true. In fact, it is the defendants

who are forum shopping for the benefit of their big corporate client.

Defendants go to such lengths as to ask this court to ignore the likely culpable

acts of two individuals who caused a great deal of harm on Mr. and Mrs. Loid.

PLAINTIFFS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO REMAND
Page 2 of 12

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

They do so all for the protection of their corporate client.

The issue before this court is simple; whether defendants, Heidi and Justine Jarrett are fraudulently joined to destroy jurisdiction. The answer is clearly no.

## ARGUMENT

**A. This case should be remanded to state court because defendant Heidi and Justine Jarrett have not been fraudulently joined.**

A defendant may remove a case with a non-diverse defendant on the basis of diversity jurisdiction and seek to persuade the district court that the defendant was fraudulently joined. *Zogbi v. Federated Dept. Store*, 767 F.Supp. 1037, 1041 (C.D. Cal. 1991) (citing *McCabe v. General Foods Corp.*, 881 F.2d 1336, 1339 (9th Cir. 1987)). "The burden is on the defendants, as the parties asserting federal jurisdiction, to establish the fraudulent nature of the joinder of the non-diverse defendant. A sham or fraudulent joinder occurs when the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according the settled rules of the state." *Candy v. 474 Club LLC*, 2007 WL 1381806 at *2 (D. Idaho) (quoting, *Ritchey v.*

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

*Upjohn Drug Company*, 139 F.3d 1313,1318 (9th Cir. 1988).  To carry their burden, the "defendant must demonstrate that there is ***no possibility that the plaintiff will be able to establish a cause of action*** in State court against the alleged sham defendant." *Good v. Prudential Ins. Co.*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998) (emphasis added) (citing *Dodson v. Spiliada Maritime Corp.* 951 F.2d 40, 41 (5th Cir. 1992).  "If there is ***any possibility*** that a claim ***can be stated*** against the allegedly 'sham' defendant, then remand is required." *Candy* at *2 (emphasis added) (quoting *Knutson v. Allison Chalmers Corp.*, 358 F.Supp.2d 983, 995 (D. Nev. 2005).  A Plaintiff need only have one potentially valid claim against a non-divers defendant to survive a fraudulent joinder challenge. *Id.* (quoting *Knutson v. Allison Chalmers Corp.*, 358 F.Supp.2d 983, 993 (D. Nev. 2005).

To determine if there is any possibility a claim can be stated against a 'sham' defendant, the Ninth Circuit has permitted the district courts to look at "later filed" pleadings. "[W]here the plaintiff's state court complaint was silent as to certain jurisdictional requirements, the Ninth Circuit has permitted the

PLAINTIFFS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO REMAND
Page 4 of 12

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

federal district court to consider "later-filed" amendments to the pleadings filed at removal. *Candy* at *3 (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir. 2002) (explaining that it was not error for the federal district court to consider a "later-filed" amendment to the notice of removal when determining jurisdiction)); *See also, Schuster v. Gardner* 319 F.Supp.2d (S.D. Cal. 2003) (remanding to state court after considering the facts as plead in plaintiff's amended complaint to determine jurisdiction when federal claim was "inadvertently pled" in original compliant); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061 (9th Cir. 2010) (stating fraudulent joinder claims may be resolved by "piercing the pleadings" and considering summary judgment-type evidence such as affidavits and deposition testimony); *See e.g. Roessert v. Health Net*, 929 F.Supp. 343, 349 (N.D. Cal. 1996) (determining the motion to remand by looking at the amended complaint in which counsel clarified previous allegations of jurisdiction made by formerly pro per plaintiff); *Ingram v. Burrage*, 2006 WL 372361 (9th Cir. 2006 (W.D. Wash)) (defendant failed to meet burden to show fraudulent joinder because they did not show the

PLAINTIFFS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO REMAND
Page 5 of 12

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

amended complaint did not state a cause of action); *William v. Morgan* 395 U.S. 402, 407 n.3 (1969) (stating that it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits).  *Behlen v. Merrill Lynch*, 311 F.3d 1087 (11th Cir. 2002) (upholding district court's order denying the plaintiff's motion to remand because the claims alleged in the original *and* amended complaints fell within federal jurisdiction) (emphasis added) *Green v. Ameritrade, Inc.,* 279 F.3d 590 (8th Cir. 2002) (remanding to state court after granting plaintiff leave to amend their complaint which then made it clear to the court that plaintiff sought only to assert state claims).

Since the notice of removal, later-filed pleadings clearly show that defendants Heidi and Justine Jarrett have not been fraudulently joined for the purpose of destroying federal jurisdiction.  The facts as alleged in the later filed pleadings clearly show they were originally named because of their illegal conduct which caused great turmoil in the lives of the plaintiff.  While the original complaint may be ambiguous or even technically defective, any

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

"doubt arising from merely in-artful, ambiguous, or technically defective pleadings should be resolved in favor of remand." *Alderman v. Pitney Bowes Management Services,* 191 F.Supp.2d 113, 1116 (N.D. Cal. 2002).

Perhaps this court can be guided by her sister court in Idaho in the case of *Candy v. 474 Club LLC.* In *Candy,* the defendants removed the case to the federal court and filed a motion to dismiss. The plaintiff filed an amended complaint and moved to remand the case back to the state court. The court, after reviewing the plaintiff's original complaint agreed the plaintiff's complaint likely failed to fully and completely articulate all the particulars of a given cause of action but refused to conclude that there was "no possibility the plaintiff [could] set forth a viable claim against the [non-diverse] defendant" *Candy* at *3. The court went on to say that "it becomes apparent when one consults the First Amended Complaint that the Plaintiff is able to articulate viable claims against the [non-diverse] defendant." *Id.*

The defendants in *Candy* argued, as the defendants argue here, that it was improper for a court to consider an amended complaint to destroy

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

jurisdiction.  However, as the court in *Candy* properly pointed out, the case

law cited to support this notion involved cases where the plaintiff amended

their complaint to drop a federal claim to deny the federal court jurisdiction.

Just as in this case, defendants are misguided using the same argument.  They

rely on *Williams v. Costco Wholesale Corp.* 471 F.3d 975, but that case

involved a plaintiff who amended their complaint to drop a federal claim to

destroy jurisdiction.  Instead, the court was clear that "the Ninth Circuit has

permitted the federal district court to consider 'later filed' amendments" such

as an amended complaint when determining jurisdiction. *Candy* at *3 (citing

*Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002).

While the defendants rely on the Fifth Circuit to stand for the notion that

courts will not consider "later filed" pleadings if they add new causes of

actions, that is not the president in the Ninth Circuit.  In fact, the only proper

authority defendants cite is *Kruso v. international Tel. & Tel. Corp.*, 872 F.2d

1416 (9th Cir. 1989).  In *Kurso*, however, the plaintiff was denied their motion

to remand and in the order, was invited to file a motion for reconsideration or

PLAINTIFFS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO REMAND
Page 8 of 12

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

an amended complaint, or both. *Kruso* at 1420. The plaintiff moved for

reconsideration and attached a "proposed amended complaint" that they

intended to file in state court should they be granted reconsideration. The

amended complaint was never filed and the court declined to consider it in the

motion to reconsider stating "[t]his court will not consider the allegations in

the *unfiled* "Proposed First Amended Complaint." *Kurso* at 1426

n.12(emphasis added). Here, however, plaintiffs have filed a motion for leave

to amend their complaint and, plaintiffs are not bringing the proposal on

appeal for reconsideration.

In *Candy*, the court clearly stated Ninth Circuit president that, "while it

is not necessary to refer to the Plaintiff's First Amended Complaint in order to

conclude that Defendants have failed to carry their burden of demonstrating

[that the defendant had ] been fraudulently joined, the Court does not believe it

would be improper to do so. To hold otherwise, would elevate form over

substance *Id*. at *4 (citing A*lderman v. Pitney Bowes Management Services,*

191 F.Supp.2d 113, 1115-1116 (N.D. Cal. 2002) (explaining, after a review of

PLAINTIFFS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO REMAND
Page 9 of 12

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

the case law, "the court concludes that an overly mechanistic approach to defendant's fraudulent joinder claim is not appropriate" and that it "does not find it appropriate . . . to confine its consideration").

## CONCLUSION

Defendants failed to properly remove this case to federal court as they have not met their burden to show that Heidi and Justine Jarrett were fraudulently joined for the purpose of destroying jurisdiction. It is clear, by looking at the record before the court, that plaintiff has shown there exists a "possibility that a claim can be stated against the allegedly 'sham' defendants" and thus the defendants have failed to carry their burden.

While the defendants continue to argue that it is plaintiffs who are attempting to destroy jurisdiction, the record clearly shows, rather, the defendants are the ones forum shopping for the benefit of their big corporate client. They do so while ignoring the culpable acts of Heidi and Justine Jarrett and the harm they caused to an innocent party. This court should not be persuaded by such an argument and follow the Ninth Circuit precedent by

PLAINTIFFS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO REMAND
Page 10 of 12

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

considering information contained in the later filed amendments to determine jurisdiction.

Plaintiffs respectfully request this honorable court to **grant leave to amend the complaint** and **remand the matter to state court**.

Respectfully submitted this 22nd day of December, 2012.

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.

By: s\ Brian Davis
*BRIAN G. DAVIS, WSBA NO. 43521*
*GEORGE FEARING, WSBA NO. 12970*
Leavy, Schultz, Davis & Fearing, P.S.
2415 W. Falls Avenue
Kennewick, WA 99336
Telephone: (509) 736.1330
bdavis@tricitylaw.com
gfearing@tricitylaw.com

Attorneys for Plaintiffs

PLAINTIFFS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO REMAND
Page 11 of 12

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF System which will send notification of such filing to the following Attorneys for Defendants:

Kammi Mencke Smith:    kms@winstoncashatt.com

Rachel E. Linzy:    rel@kullmanlaw.com

Heather F. Crow:    hfc@kullmanlaw.com


By: s\ Brian Davis
*BRIAN G. DAVIS, WSBA NO. 43521*
*GEORGE FEARING, WSBA NO. 12970*
Leavy, Schultz, Davis & Fearing, P.S.
2415 W. Falls Avenue
Kennewick, WA 99336
Telephone: (509) 736.1330
bdavis@tricitylaw.com
gfearing@tricitylaw.com
Attorneys for Plaintiffs

PLAINTIFFS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO REMAND
Page 12 of 12

LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336
(509) 736-1330
Fax: (509) 736-1580

Westlaw.

Not Reported in F.Supp.2d, 2007 WL 1381806 (D.Idaho)
(Cite as: 2007 WL 1381806 (D.Idaho))

**C**
Only the Westlaw citation is currently available.

United States District Court,
D. Idaho.
Peter W. CANDY, Plaintiff,
v.
474 CLUB LLC., et al, Defendants.

No. CV-06-400-S-EJL.
Jan. 31, 2007.

Erik F. Stidham, G. Rey Reinhardt, IV, Richard H. Greener, Scott E. Randolph, Greener Banducci Shoemaker P.A., Boise, ID, for Plaintiff.

Eugene A. Ritti, Jason D. Scott, Hawley Troxell Ennis & Hawley, Albert P. Barker, Barker Rosholt & Simpson LLP, Boise, ID, for Defendants.

## MEMORANDUM ORDER
EDWARD J. LODGE, U.S. District Judge.
*1 Plaintiff, Peter W. Candy, initiated this action in state court alleging various state law causes of action against Defendants 474 Club LLC, Locally Global Investments, LLC, Fletcher White, John Lamberson, Kevin Adams, William Benton and Edward Labrie, arising out of a failed real estate development transaction. On October 9, 2006, Defendants 474 Club LLC, Locally Global Investments, LLC, John Lamberson, Kevin Adams, and William Benton (collectively, the "474 Club Defendants") timely removed the action from state court and invoked this Court's jurisdiction on diversity grounds pursuant to 28 U.S.C. § 1332.[FN1]

> FN1. On the same date, Defendant White filed a Consent to Removal. (Docket no. 4).

In the Notice of Removal, the 474 Club Defendants concede, however, that Defendant White is an Idaho resident, and therefore non-diverse. (Notice of Removal at 1 (stating that White is "an Idaho resident")). Nevertheless, the 474 Club Defendants argue that removal is proper because Defendant White is a sham and/or fraudulently joined defendant. (Notice of Removal ¶¶ 9-10).

After removal, Defendant Lamberson filed an Answer to Plaintiff's Complaint, while all the other Defendants filed motions to dismiss.[FN2] Plaintiff, in turn, filed a Motion to Remand and a First Amended Complaint. Plaintiff also filed a Motion for Leave to File First Amended Complaint in regards to Defendant Lamberson, the only Defendant to have filed an Answer. The 474 Club Defendants then filed a Motion to Strike Plaintiff's First Amended Complaint, and Defendant White filed a Motion for Joinder in the Motion to Strike. The motions are now ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.

> FN2. On December 1, 2006, Plaintiff voluntarily dismissed Defendant Locally Global Investments, LLC. (Docket No. 26).

## Discussion
Because it concerns the Court's subject matter jurisdiction, the Court first considers the Motion to Remand and the related Motion to Strike Plaintiff's First Amended Complaint. The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.,* 167 F.3d 1261, 1265 (9th Cir.1999). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992).

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

Not Reported in F.Supp.2d, 2007 WL 1381806 (D.Idaho)
(Cite as: 2007 WL 1381806 (D.Idaho))

*Motion to Strike Plaintiff's First Amended Complaint*

Rule 15(a) of the Federal Rules of Civil Procedure permits a plaintiff to "amend the party's pleading once as a matter of course at any time before a responsive pleading is served." In accordance with this Rule, Plaintiff filed a First Amended Complaint as a matter of right against all Defendants except Defendant Lamberson, who has filed a responsive pleading-an Answer. With respect to Defendant Lamberson, Plaintiff moved for leave to file the First Amended Complaint.

**\*2** Except as to Defendant White, the 474 Club Defendants acknowledge that the First Amended Complaint has been properly filed pursuant to Rule 15. In regards to Defendant White, they move to strike the First Amended Complaint. Defendants' theory is that Plaintiff's First Amended Complaint seeks a "post-removal joinder" of a non-diverse defendant that would "destroy diversity jurisdiction after removal." (Mem. in Supp. at 4). Therefore, according to Defendants, the Court must consult 28 U.S.C. § 1447(e), which governs post-removal joinder.

The flaw with this argument, of course, is that Defendant White has been a defendant to this action since it was filed in state court. *Thornton v. New York Life Ins. Co.,* 211 F.R.D. 606, 608-09 (N.D.Cal.2002) (explaining that an allegation of fraudulent joinder does not render a defendant who has been a defendant since the outset of the action an "additional defendant").There has been no "post-removal joinder" of Defendant White because he was a defendant in state court, he was a defendant at removal,[FN3] and until a ruling on a motion causes his dismissal, he remains a defendant in the federal court action. *Id.* Accordingly, the Plaintiff appropriately exercised his right under Rule 15(a) to file a First Amended Complaint as to all the Defendants, including Defendant White, who had not filed a responsive pleading. *Id.* (rejecting application of § 1447(e) and holding that pursuant to Rule 15(a) the plaintiff could "add allegations substantiating already-made claims against an already-named party to the action"). The Motion to Strike and the Motion for Joinder in the Motion to Strike will therefore be denied.

> FN3. As noted above, Defendant White even filed a Notice of Consent to the Removal.

*Motion to Remand*

The burden is on the Defendants, as the parties asserting federal jurisdiction, to establish the fraudulent nature of the joinder of the non-diverse defendant. A sham or fraudulent joinder occurs when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey v. Upjohn Drug Company,* 139 F.3d 1313, 1318 (9th Cir.1998). If "there is any possibility that a claim can be stated against the allegedly 'sham' defendant," then remand is required. *Knutson v. Allis-Chalmers Corp.,* 358 F.Supp.2d 983, 995 (D.Nev.2005) (citing *id.; McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987)). Stated another way, "the defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of America,* 5 F Supp 2d 804, 807 (N.D.Cal.1998). Obviously, this standard is "more lenient than the standard for motions to dismiss." *Knutson,* 358 F.Supp.2d at 995 (collecting cases). And "a plaintiff need only have one potentially valid claim against a non-diverse defendant" to survive a fraudulent joinder challenge. *Id.* at 993 (collecting cases).

**\*3** After reviewing the Plaintiff's original Complaint, the Court would agree with the Defendants that many of the asserted claims against Defendant White are in artfully stated and ambiguous. However, "doubt arising from merely in artful, ambiguous, or technically defective pleadings should be resolved in favor of remand." *Alderman v. Pitney Bowes Management Services,* 191 F.Supp.2d 1113, 1116 (N.D.Cal.2002). The Court could even

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 1381806 (D.Idaho)
(Cite as: 2007 WL 1381806 (D.Idaho))

agree that many of the claims fail to fully and completely articulate all the particulars of a given cause of action. But the Court cannot agree that there is no possibility the Plaintiff can set forth a viable claim against Defendant White.

To focus on one claim as an example, the Court notes that on the "individual" fraudulent misrepresentation claim against Defendant White the 474 Club Defendants concede that the Plaintiff has alleged the *prima facie* elements of fraud but argue that the allegations are not presented with sufficient particularity because the Plaintiff's original Complaint does not set forth Defendant White's exact statements. (Resp. to Mot. to Remand at 9; *see also* White's Resp. to Mot. to Remand at 11-12). Even assuming, without deciding, that Defendants are correct on this point it does not satisfy their burden of showing that there is no possibility the Plaintiff will be able to adequately plead this cause of action. And that is what is required for the Defendants to demonstrate that the Plaintiff has fraudulently joined Defendant White to this action.

Although unnecessary to the Court's analysis, it becomes apparent when one consults the First Amended Complaint that the Plaintiff is able to articulate viable claims against Defendant White.[FN4] However, the Defendants contend that it is improper to look at the First Amended Complaint because the Ninth Circuit categorically prohibits the district courts from considering an amended pleading when determining a court's jurisdiction. (*See e.g.,* Resp. to Mot. to Remand at 6; White's Resp. to Mot. to Remand at 4-8 (citing *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc .,* 159 F.3d 1209 (9th Cir.1998)).

> FN4. Because the standard for determining whether Defendants have shown that White is a sham defendant is different than the standard bearing on the motions to dismiss, nothing in this Order can or should be deemed dispositive as to any motion to dismiss.

In *Sparta,* the plaintiff's state court complaint alleged a federal cause of action that rendered the action removable. After removal, the plaintiff sought to amend the complaint to drop the federal cause of action and deny the federal court jurisdiction. The Ninth Circuit stated that the amended complaint "was of no moment to us, however, for jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments[;] a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Sparta Surgical Corp.,* 159 F.3d at 1213.

Contrary to the Defendants' representation, this language from *Sparta* has been interpreted as applicable only when the "existence of federal question jurisdiction [can be] determined from the face of the [state court] complaint," *id.* at 1211, and the plaintiff's amended complaint is an attempt to destroy federal jurisdiction, *Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046 n. 3 (9th Cir.2000) (explaining "that [the *Sparta* ] rule applies mainly in cases where the amended complaint attempts to destroy federal jurisdiction after the case has been properly removed"). Thus, where the plaintiff's state court complaint was silent as to certain jurisdictional requirements, the Ninth Circuit has permitted the federal district court to consider "later-filed" amendments to the pleadings filed at removal. *See e.g., Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 n. 1 (9th Cir.2002) (explaining that it was not error for the federal district court to consider a "later-filed" amendment to the notice of removal when determining jurisdiction). And where, as here, the allegations set forth in the state court complaint actually appear to bar removal, courts have considered the plaintiff's amended complaint as a clarification to the allegations bearing on the federal court's jurisdiction. *See e.g., Schuster v. Gardner,* 319 F.Supp.2d 1159, 1163-64 (S.D.Cal.2003) (distinguishing *Sparta* and considering for jurisdictional purposes an amended complaint that merely clarifies the plaintiff's original allegations);

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 1381806 (D.Idaho)
(Cite as: 2007 WL 1381806 (D.Idaho))

*Thornton,* 211 F.R.D. at 608-09 (same).

    **\*4** The Court repeats, that while it is not necessary to refer to the Plaintiff's First Amended Complaint in order to conclude that Defendants have failed to carry their burden of demonstrating Defendant White has been fraudulently joined, the Court does not believe it would be improper to do so. To hold otherwise, would elevate form over substance. *Alderman,* 191 F.Supp.2d at 1115-1116 (explaining, after a review of the case law, "the court concludes that an overly mechanistic approach to defendant's fraudulent joinder claim is not appropriate" and that it "does not find it appropriate ... to confine its consideration"). In any event, the Plaintiff's Motion to Remand is well taken and this case will be remanded to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. The Court declines at this time, however, to exercise its discretion to award attorney's fees to the Plaintiff. *See Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005).

ORDER

    Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED** that:

    The Motion to Strike First Amended Complaint (docket no. 21), and Motion for Joinder in Motion to Strike First Amended Complaint (docket no. 29) are **DENIED;**[FN5] and

        FN5. The pending motions to dismiss (docket nos. 6, 9, & 31), and the Motion to Amend/Correct Complaint (docket no. 19), must be decided, at its discretion, by the state court.

    Plaintiff's Motion to Remand (docket no. 12) is **GRANTED,** and the above-entitled action is remanded to the district court of the Fifth Judicial District of the State of Idaho, In and For the County of Blaine, No. CV 06-609; and the Clerk shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court forthwith.

D.Idaho,2007.
Candy v. 474 Club LLC
Not Reported in F.Supp.2d, 2007 WL 1381806 (D.Idaho)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

166 Fed.Appx. 953, 2006 WL 372361 (C.A.9 (Wash.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 166 Fed.Appx. 953, 2006 WL 372361 (C.A.9 (Wash.)))

**H**
This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Ninth Circuit Rule 36-3. (Find CTA9 Rule 36-3)

United States Court of Appeals,
Ninth Circuit.
Florence INGRAM, Plaintiff,
and
Fannie BURRAGE, Sarah Latiker, Lillie Roby,
Plaintiffs-Appellants,
v.
Bayer Corporation, et al., Defendants-Appellees.

No. 03-35953.
Argued and Submitted Feb. 8, 2006.
Decided Feb. 15, 2006.

**Background:** Plaintiffs filed products liability action in state court against pharmaceutical company, pharmacist, and retailer. After removal, the United States District Court for the Western District of Washington, Barbara Jacobs Rothstein, J., dismissed complaint, and plaintiffs appealed.

**Holding:** The Court of Appeals held that joinder of pharmacist and retailer was not fraudulent.
Reversed and remanded.

West Headnotes

**Removal of Cases** 334 ⬅️ 36

334 Removal of Cases
    334III Citizenship or Alienage of Parties
        334k36 k. Improper or Collusive Joinder of Parties. Most Cited Cases
    Joinder of resident pharmacist and retailer in products liability suit against nonresident pharmaceutical manufacturer was not fraudulent, and thus

removal on basis of diversity of citizenship was improper, even if complaint contained conflicting allegations, where complaint alleged that retailer and pharmacist had requisite knowledge.

*954 Kenneth W. Smith, Esq., Dominique D. Michael, Esq., Miller & Associates, Alexandria, VA, for Plaintiff/ Plaintiffs-Appellants.

Edward A. Williamson, Esq., The Williamson Law Firm, Jackson, MS, Randolph Wood, Esq., Frank A. Wood, Jr., Watkins & Eager, for Plaintiffs-Appellants.

Luther M. Dove, Jr., Esq., Dove & Chill, Fred's of Meridian Inc, Meridian, MS, Edward J. Currie, Jr., Esq., Currie Johnson Griffen Gaines & Myers, Michael Chad Moore, Esq., Wilkins Stephens & Tipton, Jackson, MS, Burrell's Drugs Inc, Sallis, MS, Jesse Lee Howell, III, Esq., Copeland Cook Taylor & Bush, Ridgeland, MS, for Defendants-Appellees.

Appeal from the United States District Court for the Western District of Washington, Barbara Jacobs Rothstein, District Judge, Presiding. D.C. No. CV-02-02533-BJR, MDL-01-01407-BJR.

Before: LEAVY, RYMER, and FISHER, Circuit Judges.

MEMORANDUM [FN*]

FN* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

**1 Fannie Burrage, et al. appeal from the district court's dismissal of their action against Bayer Corporation, et al., arguing that removal jurisdiction is lacking. We agree, and reverse.

Bayer, whose burden it is to establish removal

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

166 Fed.Appx. 953, 2006 WL 372361 (C.A.9 (Wash.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 166 Fed.Appx. 953, 2006 WL 372361 (C.A.9 (Wash.)))

jurisdiction, *California ex rel. Lockyer v. Dynegy, Inc.,* 375 F.3d 831, 838 (9th Cir.2004), *amended by* 387 F.3d 966 (9th Cir.2004), did not show that the joint amended complaint obviously fails to state a cause of action under Mississippi law against resident defendants, *see McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987) (establishing standard for fraudulent joinder). No evidence was presented to pierce the pleadings, therefore we look only to the allegations in the complaints. Assuming (without needing to decide) that Mississippi requires knowledge on the part of retailers or pharmacists for product liability claims, paragraphs 27, 44, 63, 79, and 94 of the complaint sufficiently aver it for purposes of notice pleading. Miss. R. Civ. P. 8(a); Miss.Code Ann. § 11-1-63. We cannot say that conflicting allegations elsewhere in the complaint obviously render the claim futile. Nor are we obliged to follow federal district court decisions upon which Bayer relies; even so, we do not read them as controlling here given the particular allegations in Burrage's complaint. As the absence of diversity on this claim renders removal inappropriate, we do not consider whether the district court correctly found fraudulent joinder on other claims and as to all plaintiffs. Accordingly, we reverse and remand to the district court with instructions to vacate its dismissal orders, as they were without jurisdiction, and to order the action, in the form it was at the time of removal, remanded to state court.

Given this disposition, it is unnecessary to reach Burrage's alternative argument that the complaints should not have been dismissed because that issue is moot.

REVERSED AND REMANDED.

C.A.9 (Wash.),2006.
Ingram v. Burrage
166 Fed.Appx. 953, 2006 WL 372361 (C.A.9 (Wash.))

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.