UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD LOID and GINGER LOID, a marital community,<br><br>            Plaintiffs,<br><br>    v.<br><br>COMPUTER SCIENCES CORPORATION, a Nevada corporation; HEIDI JARRETT; and JUSTINE JARRETT,<br><br>            Defendants. | No.  CV-12-5144-EFS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

### I.   INTRODUCTION

This matter comes before the Court on Plaintiffs Richard and Ginger Loid's Motion to Remand, ECF No. 19.  Defendants Computer Sciences Corporation ("CSC") and Heidi and Justine Jarrett (collectively, the "Jarrett Defendants") removed this case from Benton County Superior Court on November 2, 2012.[1]  ECF No. 1.  Although Plaintiffs and the Jarrett Defendants are all Washington residents, Defendants contend that the Jarrett Defendants were fraudulently

---

[1] Because multiple parties share common surnames, the Court refers to Plaintiffs individually as Mr. Loid and Mrs. Loid, and to the Jarrett Defendants individually by their given names, Heidi and Justine.  The Court intends no disrespect.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 1

joined, and that complete diversity of citizenship otherwise exists between Plaintiffs and CSC.[2] *Id.* at 3-6.

Plaintiffs contest Defendants' assertion of fraudulent joinder. Plaintiffs seek leave to file an amended complaint,[3] which contains additional allegations and causes of action that Plaintiffs discovered after filing the initial complaint.  Plaintiffs contend that they have stated (or at least can state) a valid claim against the Jarrett Defendants.  Arguing that the Jarrett Defendants were properly joined, Plaintiffs ask the Court to remand this matter to the Benton County Superior Court.  Having reviewed the pleadings filed in connection with this matter, the Court is fully informed and now enters the following Order.

---

[2] In addition to asserting fraudulent joinder in the Notice of Removal, ECF No. 1, the Jarrett Defendants have also moved to dismiss the sole claim asserted against them in the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 5. The Jarrett Defendants' motion to dismiss was filed before Plaintiffs' motion to remand; however, the Court must address the motion to remand first.  The motion to remand challenges the Court's subject-matter jurisdiction, and if the Court lacks jurisdiction, it lacks the ability to decide the motion to dismiss. *See, e.g.*, *County of Nassau v. New York*, 724 F. Supp. 2d 295, 300 (E.D.N.Y. 2010).

[3] Plaintiffs' motion for leave to file an amended complaint, ECF No. 16, is also pending; however, if the Court grants Plaintiffs' motion to remand, the Court need not address (and, in fact, would lack jurisdiction to decide) Plaintiffs' motion for leave to file an amended complaint.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 2

## II. BACKGROUND

Plaintiffs initially filed suit in state court in October 2012. Mr. Loid contends that while employed for CSC, he observed and reported fraudulent conduct by co-workers to his employer. ECF No. 1-1, at 2–3. Mr. Loid claims that he was subjected to a hostile work environment and retaliation as a result of his reporting, ultimately culminating in his wrongful discharge from CSC's employment. *Id.* Mr. Loid also claims that the Jarrett Defendants were complicit in his wrongful termination, and he asserts a claim of tortious interference against them. *Id.* at 4. All of Plaintiffs' claims arise under state law, and Plaintiffs and the Jarrett Defendants are all Washington residents. *Id.* at 1. CSC is a Nevada corporation. *Id.*

On November 2, 2012, the Jarrett Defendants and CSC removed the case to this Court. ECF No. 1. Defendants collectively assert that Plaintiffs have no cognizable claim against the Jarrett Defendants, and that the Jarrett Defendants were fraudulently joined to preclude diversity jurisdiction. *Id.* Shortly after removal, CSC answered the Complaint, ECF No. 3, and the Jarrett Defendants moved for a Rule 12(b)(6) dismissal of Plaintiffs' tortious interference claim – the sole claim asserted against them. ECF No. 5.

Plaintiffs now seek a remand. Plaintiffs aver that post-filing research has uncovered other tortious acts by the Jarrett Defendants which support new state-law tort claims for defamation and outrage. Plaintiffs seek leave to assert these claims in an amended complaint. Plaintiffs also contend these new claims rebut Defendants' assertion of fraudulent joinder, and that remand is therefore required.

**III. DISCUSSION**

**A.  Legal Standard**

Under 28 U.S.C. § 1441, a defendant may timely remove a state-court action to federal court if the federal court in question has original jurisdiction over the dispute. However, "'[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts,] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (alterations in original). The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted), and courts must resolve all ambiguity in favor of remand. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Although removal of a diversity action under 28 U.S.C. § 1441(b) requires complete diversity of citizenship, *see* 28 U.S.C. §§ 1332(a), "one exception to the requirement for complete diversity is where [the] non-diverse defendant[s] ha[ve] been 'fraudulently joined.'" *Hunter*, 582 F.2d at 1043 (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). In such a case, the district court may ignore the

presence of the non-diverse defendant for the purpose of determining whether diversity of citizenship exists. *Morris*, 236 F.3d at 1067.

The burden for establishing fraudulent joinder is heavy, and it rests squarely on the party asserting fraudulent joinder. *See Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *see also Kohler v. Inter-Tel Tech.*, 244 F.3d 1167, 1170 n.3 (9th Cir. 2001) (concluding that "the party seeking to invoke federal jurisdiction has the burden of proving diversity jurisdiction"). "The removing party must prove that there is absolutely *no possibility* that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Green*, 707 F.2d at 205 (emphasis added). If "there is any possibility that a claim can be stated against the allegedly 'sham' defendant," remand is required. *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 995 (D. Nev. 2005) (citing *McCabe*, 811 F.2d at 1339).

**B.   Analysis**

The crux of the dispute over Plaintiffs' motion to remand is whether the Court may consider Plaintiffs' proposed amended complaint to determine whether the Jarrett Defendants were fraudulently joined. Defendants insist that jurisdiction (and therefore fraudulent joinder) is determined at the instant of removal; therefore, according to Defendants, subsequent amendments to the Complaint cannot defeat federal jurisdiction or give Plaintiffs a basis to seek remand. Plaintiffs, on the other hand, argue the Court must look outside the Complaint in weighing the question of fraudulent joinder. Plaintiffs

contend that the Court must remand the matter because Defendants cannot show — as they must, to justify this removal — that Plaintiffs are incapable of asserting a valid claim against the Jarrett Defendants. Plaintiffs assert that their proposed amended complaint provides sufficient basis to conclude that the Jarrett Defendants were properly joined.

Plaintiffs have the better argument. As discussed below, the Court may consider material extrinsic to the Complaint — including potential but as-yet-unpled claims — in determining whether the Jarrett Defendants were fraudulently joined. Further, Plaintiffs' proposed amended complaint contains at least one legally-cognizable cause of action against the Jarrett Defendants. Because the Jarrett Defendants were not fraudulently joined, the Court lacks subject-matter jurisdiction over this case, and a remand is required.

1. <u>Consideration of Extrinsic Evidence in Determining Fraudulent Joinder</u>

Other courts in this Circuit have relied on amended pleadings — or even the possibility of amended pleadings — in concluding that joinder of non-diverse defendants was not fraudulent. For example, in *Padilla v. AT&T Corp.*, a terminated employee brought suit in state court against a former employer and a worksite supervisor, alleging claims very similar to Plaintiffs' claims here. 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009). Although the defendants removed the matter to federal court and argued that the supervisor, the only non-diverse defendant, was a "sham" defendant, the court disagreed. *Id.* at 1160. While noting the deficiencies of the plaintiff's claims against the

former supervisor, the *Padilla* court concluded that "[e]ven if Plaintiff did not plead facts sufficient to state a claim against [the alleged sham defendant], Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against [that defendant]." *Id.* The *Padilla* court ultimately held that "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend [the] complaint to cure the purported deficiency." *Id.* at 1159 (internal quotations and alterations omitted).

Generally, courts take a consistent approach when defendants remove and claim fraudulent joinder: they adopt a strong presumption in favor of remand and demonstrate a willingness to look beyond the face of the complaint. *See, e.g.*, *Candy v. 474 Club LLC*, No. CV-06-400-S-EJL, 2007 WL 1381806 (D. Idaho Jan. 31, 2007); *Schuster v. Gardner*, 319 F. Supp. 2d 1159, 1163-64 (S.D. Cal. 2003). In *Candy v. 474 Club LLC*, the district court concluded it could properly rely on an amended complaint, filed after removal, as a basis for rejecting the defendants' assertion of fraudulent joinder:

> After reviewing the Plaintiff's original Complaint, the Court would agree with the Defendants that many of the asserted claims against the [non-diverse defendant] are [in-artfully] stated and ambiguous. . . . The Court could even agree that many of the claims fail to fully and completely articulate all the particulars of a given cause of action. But the Court cannot agree that *there is no possibility the Plaintiff can set forth a viable claim* against [the non-diverse defendant].

*Id.* at *3 (emphasis added).

True, many courts have relied on new, extrinsic *facts* in support of preexisting claims — rather than the possibility of new *claims* — as

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 7

a basis for remand following fraudulent-joinder removals. But Defendants have not articulated a sound legal reason why evidence supporting new claims or causes of action should be treated differently than evidence supporting preexisting claims. "An overly mechanistic approach to . . . fraudulent joinder claim[s] is not appropriate," *Alderman v. Pitney Bowes Mgmt. Servs.*, 191 F. Supp. 2d 1113, 1116 (N.D. Cal. 2002), particularly when the deficient pleadings can readily be cured. Defendants' effort to distinguish between extrinsic evidence in support of preexisting claims — as opposed to new claims — is, in short, a distinction without a difference.

Courts must conduct a deeper inquiry when considering whether the joinder of a non-diverse defendant is fraudulent. "The words 'fraud' and 'sham' imply a degree of chicanery or deceit," *Padilla*, 697 F. Supp. 2d 1156, 1160; in essence, fraudulent joinder is an intentional and wrongful effort by a plaintiff to prevent a defendant from exercising its statutory and otherwise-proper right of removal. This wrongful effort may not always be obvious within the four corners of the complaint. The Ninth Circuit has recognized that "[w]here fraudulent joinder is an issue, [the district court must] go somewhat further" in its inquiry, *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), and cannot abandon that inquiry upon reaching the last page of the complaint. Characterizing a more searching inquiry as both "reasonable and necessary," the *Ritchey* court concluded that "[t]he defendant seeking removal . . . is entitled to present the facts showing the joinder to be fraudulent . . . [so as to] have the opportunity to show that the individuals joined in the

action cannot be liable *on any theory*." *Id.* (emphasis added). If defendants can resort to extrinsic material to justify their allegations of fraudulent joinder, surely plaintiffs are entitled to the same latitude to rebut such allegations. To hold otherwise is to elevate form over substance.

In any event, *Ritchey* reinforces two key principles that must guide fraudulent joinder removals. First, to avoid a subsequent remand, the removing defendants must show that non-diverse defendants cannot be liable to plaintiff *on any theory*, whether that theory is actually pled in the complaint or not. *Id.* Second, defendants — and so, for equity's sake, plaintiffs too — can result to sources of evidence extrinsic to the complaint to shed light on whether the joinder was fraudulent. *Id.*

Relying on *Williams v. Costco Wholesale Corporation*, 471 F.3d 975, 976 (9th Cir. 2006), Defendants argue that the Court must consider only the Complaint — and no subsequent filings — to determine whether the Jarrett Defendants were fraudulently joined. Defendants' reliance on *Williams* is misplaced. In *Williams*, the Ninth Circuit reiterated the well-established rule that a plaintiff may not amend his complaint after removal to divest a federal court of jurisdiction. *Id.; see also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). Observing that "the propriety of removal is determined solely on the basis of the pleadings filed in state court," the *Williams* court concluded that a plaintiff could not dispose of his federal claim after removal to eliminate federal jurisdiction and obtain a remand. But the facts in

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 9

*Williams* are readily distinguishable from the facts in this case. Here, Plaintiffs included the Jarrett Defendants in their initial Complaint, a pleading which does not facially give rise to federal subject-matter jurisdiction as the complaint in *Williams* did. And unlike the plaintiff in *Williams* — who amended his complaint to remove a federal statutory claim to divest the district court of jurisdiction — Plaintiffs here seek to assert newly-discovered claims against the Jarrett Defendants to bolster their *preexisting* contention that the Jarrett Defendants were properly joined in the first place. Thus, unlike the plaintiff in *Williams*, Plaintiffs here are not seeking to change the rules of the game while the parties are still on the field.

Contrary to Defendants' assertion, the Ninth Circuit has recognized limitations on *Sparta* and *Williams*'s rule that district courts must ignore post-removal pleadings when deciding the propriety of removal. In fact, the Ninth Circuit has indicated that this pleadings-at-time-of-removal rule should apply only when the "existence of federal [subject-matter] jurisdiction [can be] determined from the face of the [state court] complaint," *Sparta*, 159 F.3d at 1211, and "the amended complaint attempts to destroy federal jurisdiction after the case has been properly removed," *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000). But when the initial complaint facially precludes removal, courts may properly consider a timely-filed amended complaint "as a clarification to the allegations bearing on the federal court's jurisdiction." *Candy*, 2007 WL 1381806, at *3 (citing *Schuster v. Gardner*, 319 F. Supp. 2d 1159, 1163-64 (S.D. Cal. 2003), and *Thornton*

1  *v. New York Life Ins. Co.*, 211 F.R.D. 606, 608-09 (N.D. Cal. 2002)).
2  Accordingly, the Court concludes that it may consider the allegations
3  and claims in Plaintiffs' proposed amended complaint, ECF No. 16, at
4  4-11, to determine whether the Jarrett Defendants were fraudulently
5  joined to this action.

       2.  <u>Fraudulent Joinder of the Jarrett Defendants</u>

7      Turning to the proposed amended complaint, Plaintiffs include
8  factual allegations in support of a new defamation claim against the
9  Jarrett Defendants. ECF No. 16, at 8-9. Plaintiffs contend that
10 Justine removed romantic poems from Mr. Loid's desk, poems which Mr.
11 Loid intended to give to Mrs. Loid. The amended complaint alleges
12 that the Jarrett Defendants falsely represented to others that Mr.
13 Loid gave these poems to Justine, and that the Jarrett Defendants made
14 this false representation with the intent of bolstering Justine's
15 false claim of sexual harassment against Mr. Loid. Plaintiffs contend
16 this false representation — that Mr. Loid gave the poems to Justine —
17 was "communicated . . . to others with malice . . . to effectuate [Mr.
18 Loid's] termination" and to prevent Justine from herself being
19 terminated. *Id.* at 9.

20     Defendants ask the Court to disregard Plaintiffs' defamation
21 claim for purposes of determining fraudulent joinder. Defendants
22 contend that Plaintiffs have failed to state a valid defamation claim
23 against the Jarrett Defendants, and that this claim therefore does not
24 affect the question of whether the Jarrett Defendants were
25 fraudulently joined. ECF No. 26, at 8-9. Defendants identify three
26 purported deficiencies with Plaintiffs' defamation claim: 1) the

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 11

1 amended complaint does not identify the specific defamatory statement;
2 2) the statement was an intra-corporate communication, and therefore
3 was not "published"; and 3) even if defamatory, the statement was
4 protected by a common interest privilege.  ECF No. 25, at 4-6.

5     The Court need not conduct a searching inquiry into the
6 sufficiency of Plaintiffs' defamation claim to determine whether the
7 Jarrett Defendants were fraudulently joined.  "Claims for fraudulent
8 joinder are reviewed on a standard similar to or more lenient than the
9 standard for motions to dismiss."  *Knutson*, 358 F. Supp. 2d at 995
10 (citing *Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir.
11 1975)).  After "evaluat[ing] all of the factual allegations in the
12 light most favorable to the plaintiff" and resolving "any
13 uncertainties as to the current state of controlling substantive
14 law . . . in favor of plaintiff," *Bertrant v. Aventis Pasteur Labs.,*
15 *Inc.*, 226 F. Supp. 2d 1206, 1212 (D. Ariz. 2002), the Court concludes
16 that Defendants' position lacks merit.

17     Plaintiffs' proposed amended complaint sufficiently identifies
18 the alleged defamatory statement: the Jarrett Defendants' assertion to
19 others that Mr. Loid's romantic poems were given to and were intended
20 for Justine.  ECF No. 16, at 8.  To the extent the amended complaint
21 lacks some specificity, Plaintiffs' failure to set forth the precise
22 defamatory statement, the recipient of the statement, or other details
23 surrounding the alleged defamatory communication, is not material at
24 this stage of the case.  *Cf. Candy*, 2007 WL 1381806, at *3 (holding
25 that a plaintiff's failure to identify a specific false statement in
26 pleading a fraud claim did not equate to fraudulent joinder because

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 12

the failure "does not satisfy [defendants'] burden of showing that there is no possibility the [p]laintiff will be able to adequately plead this cause of action" by way of an amended complaint).

Additionally, it is not clear that the intra-corporate communication exception shields the Jarrett Defendants from liability on Plaintiffs' defamation claim. The amended complaint avers that the defamatory statement was communicated to "others," without specifying who. ECF No. 16, at 9. If those "others" include persons who are not employees of CSC, the intra-corporate communication exception would likely not apply.

Moreover, under Washington law, both the intra-corporate communication exception and the common interest privilege are qualified, and can be defeated by a showing of actual malice. *See, e.g.*, *Armijo v. Yakima HMA, LLC*, 868 F. Supp. 2d 1129, 1139 (E.D. Wash. 2012); *Bender v. Seattle*, 99 Wn. 2d 582, 601 (1983). Plaintiffs' amended complaint facially alleges such malice, *see* ECF No. 16, at 9, and Federal Rule of Civil Procedure 9(b) allows malice to be alleged in general terms. *See Armijo*, 868 F. Supp. 2d at 1139. Accordingly, for purposes of determining fraudulent joinder and diversity jurisdiction, Plaintiffs' amended complaint validly states a defamation claim against the Jarrett Defendants. The Jarrett Defendants were not fraudulent joined, and remand is necessary.

### IV. CONCLUSION

Plaintiffs have sufficiently identified a cognizable defamation claim against the Jarrett Defendants in the proposed amended complaint, which demonstrates that the Jarrett Defendants were not

fraudulently joined and must be considered in the diversity-jurisdiction calculus. Because the Jarrett Defendants, like Plaintiffs, are residents of Washington, complete diversity of citizenship is not present in this case, and the Court therefore lacks subject-matter jurisdiction under 28 U.S.C. § 1332. For that reason, the Court grants Plaintiffs' motion to remand, denies all other motions as moot, and remands this matter to the Benton County Superior Court for all further proceedings.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Remand, **ECF No. 19**, is **GRANTED.**
2. This matter is hereby **REMANDED** to the Benton County Superior Court (Cause No. 12-2-02353-8) for all further proceedings.
3. All other pending motions are **DENIED AS MOOT**.
4. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this  5th  day of March 2013.

                    s/ Edward F. Shea
                    EDWARD F. SHEA
             Senior United States District Judge